## Steel *against* Bridenbach.

A writ of error can only be sued out by one who is interested in the judgment which he seeks to review.

ERROR to the Common Pleas of *Huntingdon* county.

Philip Bridenbach against James Steel, prothonotary. Feigned issue. The personal property of A. R. and C. E. Crane was sold by the sheriff, and the money brought into court for appropriation; the court referred the subject to an auditor, who made a report. This was excepted to by several of the creditors, which gave rise to the necessity for an issue to try certain facts alleged and denied. Philip Bridenbach was made the plaintiff, and the prothonotary, for the use of such of the creditors who were interested in the question to be tried, was made defendant. The issue was tried, and a verdict and judgment were rendered for the plaintiff; whereupon a writ of error was sued out by Samuel Iset, one of the creditors. In consequence of the report of the auditor allowing the claim of Philip Bridenbach, a large portion of that of Samuel Iset was not covered by the money in court; but it did not appear that he had filed any exception to the report. The defendant in error therefore moved to quash the writ, which was argued by

*Wilson* and *Miles*, for defendant in error.
*Comyn* and *M'Allister*, contra.

The opinion of the Court was delivered by

Rogers, J.—The defendant in error moves the court to quash the writ, because Samuel Iset, for whose use and at whose instance the writ is sued out, is no party to the judgment. The money raised by the sale of the property of A. R. and C. E. Crane was referred for distribution to an auditor, whose report was excepted to by two of the execution creditors, Alexander M'Vicker and Kennedy & Julian, because the auditor appropriated the proceeds of the sale to the payment of the judgment of Philip Bridenbach. On the 16th April 1842 the report was confirmed, except as to $768.50, amount applied to the judgment of Philip Bridenbach; and as to that sum, so applied by the auditor, the court directed a feigned issue to be formed for the trial of the facts alleged in the exceptions filed.

In the issue to be formed, the court directed the party in interest in the judgment to which the $768.50 were applied to be the plaintiff, and James Steel, prothonotary, to be the defendant

for the use of the parties in interest; the cost to abide the event of the suit, and to be paid by the party in interest against whom judgment may be entered. Who, then, were the parties in interest, is the material inquiry. And to this it may be confidently answered, Philip Bridenbach, the plaintiff in the judgment, and Alexander M'Vicker and Kennedy & Julian, execution creditors, who filed the exceptions to the report, and at whose instance the issue was directed. All the other creditors, the present plaintiff among the number, acquiesced in the report of the auditor; and it would be wrong to make them a party to a controversy without their consent. And this, it is plain, the court have not undertaken to do; for Steel, the prothonotary, is made the defendant for the use of the parties in interest, viz., Kennedy & Julian and M'Vicker, the exceptants. The court, as was proper, directed the costs to abide the event of the suit, and to be paid by the party in interest against whom judgment may be entered. Will it be pretended that under the issue the plaintiff in error, who had taken no part in the contest, would be liable to costs? Would he not have a right to protest against being mulcted in costs, in a contest in which he is not a party, either directly or by implication, on account of an audit against which he had made no complaint, and which by his acquiescence he admitted to be correct? On the same principle, any creditor would be liable to costs also, although perfectly satisfied in all respects with the report of the auditor. The parties to the issue make no complaint against the judgment, for they do not join in the writ of error. It is taken by Iset, who first appears in the transaction by filing exceptions, the 24th November 1843, after the motion for a new trial was overruled. The issue, as it appears, was tried between Bridenbach, and M'Vicker and Kennedy & Julian. The motion for a new trial was made by their counsel, and not until after it was overruled did Iset file exceptions, and now takes a writ of error to the judgment. The parties to the issue, then, it seems, do not complain of the judgment, but a stranger; one who never objected to the report, and never took part in the trial. Now, suppose the judgment should be reversed; it will be necessary for the court to frame another issue, for it would be manifestly unjust to subject the original parties to costs incurred, not at their instance, but by the interference of a stranger. And this course may be pursued as long as there is a creditor who may be disposed to sue out a writ of error. If Iset was dissatisfied with the report, he should have filed exceptions, or at any rate should have been put on the record, in some shape, as one of the parties to the suit. After a decree for the distribution of money arising from a sheriff's sale, the law allows twenty days for an appeal. After that time the decree becomes absolute, so far as respects those creditors who do not think proper to appeal. If this writ of error be sustained, Iset will be allowed the benefit of an appeal, years after the time

[Steel v. Bridenbach.]

has passed by. It is nothing that he would be benefited by the reversal of the judgment; this he ought to have taken into consideration at the proper time, and in the proper manner.

Writ of error quashed.