Robert S. McIntyre, Admr.

*v.*

Mary Sholty *et al.*

*Filed at Springfield November 2, 1891.*

1. Writ of error—*parties thereto.* All of the plaintiffs or defendants in the original judgment who are alive must join in a writ of error, and it is competent for one to join the others without their consent, for the reason that the writ must agree with the record, and also to prevent multiplicity of suits.

2. If the parties whose names are thus used by a co-plaintiff or co-defendant choose to abide an erroneous judgment, and refuse to appear, and assign errors, they must be summoned and severed, and after severance the writ may be prosecuted in the name of such co-plaintiff or, co-defendant.

3. It is a general rule, that no person can sue out a writ of error who is not a party or privy to the record, or who is not shown by the record, to be prejudiced by the judgment.

4. No creditor of any one, whether a corporation or individual, against whom a judgment has been recovered, has a right, in the name of such corporation or individual, to prosecute a writ of error. Nor can bail be used to reverse a judgment against his principal.

5. Same—*by plaintiff in name of defendant.* A writ of error may be brought by a plaintiff to reverse his own judgment, in order to enable him to bring another action ; but he can not maintain the writ in the name of the defendant in the judgment without the consent of the latter.

6. Where a judgment is recovered in the names of the widow and heirs of a deceased person, for the use of a third person, against the administrator of such decedent, one of such plaintiffs will not have the right to prosecute a writ of error in the name of the defendant without his consent, and if he does bring such writ, the defendant whose name is used may have the same dismissed, on his motion.

7. Same—*in the name of heirs or administrator.* Where a judgment is recovered against a party in his lifetime, his heir, after his death, will be entitled to sue out a writ of error to reverse the same, as he is a privy in blood. But there is no such privity between an heir of a deceased person and the administrator of the estate of the decedent.

8. Same—*by heir in the name of the administrator.* The heir of a deceased person takes nothing until the debts of the deceased are paid.

| 139 | 171 |
| 148 | 89 |
| 139 | 171 |
| 153 | 452 |
| 139 | 171 |
| 163 | 234 |
| 139 | 171 |
| 173 | 116 |
| 72a | 369 |
| 139 | 171 |
| 176 | 53 |
| 79a | 643 |
| 139 | 171 |
| 90a | 3480 |
| 139 | 171 |
| f96a | 9601 |
| 139 | 171 |
| 194 | 1228 |
| 139 | 171 |
| 207 | 1421 |
| 110a | 1622 |
| 139 | 171 |
| 213 | 3831 |

Therefore, when the estate is insolvent, the heir, although a creditor of the estate, can not maintain a writ of error, in the name of the administrator, to reverse a judgment against the administrator.

9.  SAME—*writ of right—from what courts to what courts.*  A writ of error is a writ of right by the common law, and in this State it lies from either this court or the Appellate Court to all inferior courts of record to review their final determinations in all cases involving property rights or personal liberty, where no appeal is given from such inferior court of record.  This right exists independently of statutory or constitutional provisions, by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law.

10.  SAME—*new suit—right to dismiss.*  The suing out of a writ of error is the beginning of a new suit, and the administrator of an estate has the same right to dismiss a writ of error sued out in his name as he has to dismiss a suit begun by him in a court of original jurisdiction.

11.  APPEAL—*section 124, chapter 3, of the Revised Statutes, construed.* Section 124 of chapter 3, giving appeals, applies only to appeals from the county courts, and not to suits brought in the circuit court against an estate.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, and Mr. THOMAS F. TIPTON, for the plaintiff in error:

The statute provides "that appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under this act, to the circuit court, in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the circuit court to the Supreme Court, as in other cases, and bond for security, to be fixed by the county or circuit court, as the case may be." Rev. Stat. sec. 68, chap. 3.

The words "as in other cases," mean, that appeals, when taken under that act, whether taken from the county court to the circuit court, or from the circuit court to the Supreme Court, shall be taken "in the usual manner of taking other

cases,"—*i. e.,* usual time, etc. *Horner* v. *Goe,* 64 Ill. 178; *Darwin* v. *Jones,* 82 id. 107; *Pfirshing* v. *Falsh,* 87 id. 261.

When an appeal is taken by one not a party of record, who "considers himself aggrieved," the appeal should be prosecuted in the name of the nominal party to the suit. *Motsinger* v. *Wolf,* 16 Ill. 71.

When a case is appealed from the county court to the circuit court, then an appeal may be taken from the judgment of the circuit court to the Supreme Court by "any person who may consider himself aggrieved by the judgment, order or decree of the circuit court." *Weer* v. *Gand,* 88 Ill. 490.

When the right to appeal exists, it may be exercised by any person, whether a party to the record or not, who "is aggrieved by the judgment or decree announced." 2 Am. Law of Admr. sec. 544; *In re Storey,* 120 Ill. 244; *Bryant* v. *Allen,* 6 N. H. 116; *Stevenson* v. *Schreiver,* 9 Gill & J. 324; Schouler on Executors, sec. 151.

Again, we contend that Levi W. Sholty, in the absence of all statutory enactment, had a right, as a party in interest, to sue out the writ of error. The rule at common law was, that any person could bring a writ of error to reverse a judgment who was either a party or privy to the record or prejudiced by the judgment, and therefore would receive advantage by the reversal of it. 2 Tidd's Practice, 1135; *Townsend* v. *Davis,* 1 Kelly, 495; *Dupree* v. *Perry,* 18 Ala. 34; *Harrington* v. *Roberts,* 7 Ga. 510; *Huner* v. *Reeves,* 2 Green, 190; *Thomas* v. *Wyatt,* 9 S. & M. 308; *Ragland* v. *Wickware,* 4 J. J. Marsh. 603.

Mr. Isaac N. Phillips, for the defendants in error:

As the power of probate courts is derived from statutes, which point out and determine the force and effect of their judgments and decrees, it follows that the right of appeal, being the right to substitute the judgment of some higher court for that of the probate court, must be likewise determined by

statute. Hence it is said that the right of appeal rests solely upon statutory provisions, and that unless these provisions are complied with the right can not be made available, and that there can be no appeal from any order, judgment or decree unless the right to such appeal be given by statute.

A plaintiff has the legal right to dismiss his suit, and it is error for the court not to carry out his stipulation to that effect. *Toupin* v. *Gargnier*, 12 Ill. 79.

I insist the above cases apply to an administrator who is a party to a suit not arising under the act concerning the administration of estates, but originating in the circuit court, as absolutely as they do to any other party.

An administrator who is a party plaintiff has the same right to dismiss his suit as a party who sues in his own right. *Henchey* v. *Chicago*, 41 Ill. 136.

Mr. Chief Justice Magruder delivered the opinion of the Court:

This is an action of trespass brought in the Circuit Court of McLean County by the widow and heirs of Jacob Sholty, deceased, including Levi W. Sholty, against Robert S. McIntyre, as administrator of the estate of Benjamin D. Sholty, deceased. The suit was brought in the name of said widow and heirs, but for the use of the Patron's Mutual Fire and Lightning Insurance Company of Stanford, Connecticut. Upon the trial in the Circuit Court the jury found the defendant guilty, and assessed the damages at $2500.00. Motions for new trial and in arrest of judgment were overruled, and judgment was rendered upon the verdict.

A writ of error was prosecuted from the Appellate Court to the Circuit Court by Levi W. Sholty, one of the nominal plaintiffs below, in the name of McIntyre, the Administrator, who was the defendant below, but without the knowledge or consent of the latter. McIntyre, as administrator of Benjamin D. Sholty's estate, being the sole defendant against whom the

judgment was rendered in the Circuit Court, and being the plaintiff in error in whose name the writ of error was sued out in the Appellate Court, made a motion in the latter court to dismiss the writ of error, which motion was allowed. The case is brought before us by writ of error to the Appellate Court to review the action of the Appellate Court in so dismissing the writ of error pending in that Court.

A motion is also made in this Court by McIntyre, administrator, who is the plaintiff in error here, to dismiss the present writ of error, upon the ground that the writ was sued out by Levi W. Sholty without the consent or authority of the plaintiff in error.

Did McIntyre, administrator, the plaintiff in the Appellate Court, have the right to dismiss the writ of error sued out there in his name? Has he the right to dismiss the writ of error sued out from this Court in his name?

Levi W. Sholty, who has sued out these writs of error in the name of the original defendant in the judgment below, is a brother and heir of Benjamin D. Sholty, deceased, the latter having died unmarried. He is also a creditor of his deceased brother's estate. In his own right and in his own name he has a judgment against Benjamin D. Sholty's estate for $2250.00, and, as administrator of his deceased wife, he has another judgment against said estate for $2500.00. (*McIntyre* v. *Sholty*, 121 Ill. 660.) It is conceded, that said estate is insolvent, and insufficient to pay the two last named judgments, so that, if said judgments were paid, there would be nothing left to apply upon the judgment of the present defendants in error.

It is a general rule, that no person can sue out a writ of error who is not a party, or privy to the record, or who is not shown by the record to be prejudiced by the judgment. (*Colman* v. *Oil Co.* 25 W. Va. 148; *Howse et al.* v. *Judson*, 1 Fla. 133; *Townsend et al.* v. *Davis*, 1 Ga. (1 Kelly) 495; *Porter* v. *Rummery*, 10 Mass. 64; *Steel* v. *Bridenbach*, 7 Watts & Serg.

150; *Heirs of Hill* v. *Hill's Ex'ors,* 6 Ala. 166; *Dale* v. *Roose-velt,* 8 Cow. 333; *Jaqueth* v. *Jackson,* 17 Wend. 434; 2 Tidd's Prac. 1135, and note A; 6 Am. & Eng. Enc. of Law, 817.) Levi W. Sholty was one of five or six nominal plaintiffs suing, in the court below for the use of the insurance company. He made a motion in, that court to have the suit dismissed as to him upon the ground that he had not authorized it to be prosecuted in his name; but this motion was overruled, and judgment was rendered in his favor, and in favor of his co-plaintiffs, for the use of the Insurance Company, against McIntyre, administrator of said estate. The writ of error is usually brought by the party or parties against whom the judgment was rendered. (2 Tidd's Prac. page 1134.) Here, it has been brought in the name of the party against whom the judgment was rendered, but without his consent, his name being made use of by one of the parties in whose favor the judgment was rendered.

It has been said, that a writ of error may be brought by a plaintiff to reverse his own judgment, if erroneous, in order to enable him to bring another action. (2 Tidd's Prac. page 1134; *Johnson* v. *Jebb,* 3 Burrow's Rep. 1772.) In the *Jebb* case, it would appear that the judgment was for a less amount than the plaintiff claimed that it ought to be. Whether or not Levi W. Sholty could prosecute a writ of error under the circumstances of this case, is a question which it is not neces- sary to pass upon further than to say, that, if he could do so, he would be under the necessity of suing it out in the name of all the plaintiffs in the judgment below, including his own. All the plaintiffs or defendants in the original suit who are alive must join in the writ of error, and it is competent for one to join the others without their consent. The reasons for this rule are, that the writ must agree with the record, and that, if one of a number of plaintiffs, or one of a number of defend- ants, who have not distinct and several interests, should be permitted to bring a writ of error, every one might do the

same, and such a practice would tend to multiply suits. If the parties, whose names are thus used by a co-plaintiff or co-defendant, choose to abide an erroneous judgment, and refuse to appear and assign errors, they must be summoned and severed, and then after the severance the writ may be prosecuted in the name of such co-plaintiff, or co-defendant. (*Jameson* v. *Colburn*, 1 Stew. & Port. (Ala.) 253; *Watson* v. *Whaley*, 2 Bibb, 292; *Deneale* v. *Archer*, 8 Pet. 526; 2 Tidd's Prac. 1162 and 1163, note A.) (*Harding* v. *Larkin*, 41 Ill. 413; *Page* v. *People*, 99 id. 418.)

We are, therefore, of the opinion, that Levi W. Sholty is not such a party to the record in the present case, as that he has the right to sue out a writ of error in the name of the defendant below without the latter's consent.

It cannot be said that Levi W. Sholty is in any way privy to the record. There are privies in blood, as the heir is to the ancestor; privies in representation, as is the executor or administrator to the deceased; privies in estate, as lessor and lessee, etc. If this judgment had been rendered against Benjamin D. Sholty in his life time, then Levi W. Sholty, being a brother and heir, might be entitled to sue out a writ of error as a privy in blood. But there can be no relation of privity, between an heir of the deceased and the administrator of the deceased's estate.

Nor can it be said, that Levi W. Sholty is shown by the record in this case to be prejudiced by the judgment below. It being admitted that the estate of Benjamin D. Sholty is insolvent, and that it will not be sufficient to pay the judgments in favor of Levi W. Sholty in his own right and as his wife's administrator, then Levi W. Sholty cannot be prejudiced as his brother's heir, whether the judgment of the insurance Company in this case is reversed, or is allowed to stand. The heirs can take nothing until the debts are paid, and the estate will not be able to pay the debts not involved in this suit.

It is true, that, as a creditor of his brother's estate, Levi W. Sholty will be indirectly prejudiced if the judgment in favor of defendants in error is allowed to stand, because the assets of the estate will in such case be applied to the payment of their judgment, as well as to the payment of his judgments, and thereby the amount received by him will be lessened. But it has never been held, that, where one creditor obtains a judgment against a debtor, another creditor can prosecute a writ of error from such judgment without the debtor's consent. In *Colman* v. *Oil Co. supra*, the Supreme Court of West Virginia say : "No creditor of any one, whether a corporation or an individual, against whom a judgment has been pronounced, has a right, in the name of such corporation or individual, to prosecute a writ of error." (See also, *Steel* v. *Bridenbach, supra,* and *Townsend* v. *Davis, supra*.) Bail cannot have a writ of error to reverse a judgment against his principal, nor can the principal sue out the writ to reverse a judgment against the bail, nor can they join in the writ, the judgments being distinct and affecting different persons. (2 Tidd's Prac. 1135.)

A writ of error is a writ of right by the common law, and, in this State, it lies from either this Court, or the Appellate Court, to all inferior courts of record to review their final determinations in all cases involving property rights or personal liberty, where no appeal is given from such inferior court of record. "This right exists independently of any statutory or constitutional provisions by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law." (*Haines* v. *The People,* 97 Ill. 161; *Unknown Heirs of Langworthy* v. *Baker,* 23 id. 484; *Kingsbury* v. *Sperry,* 119 id. 279.) But, as the right thus existing at common law can only be exercised by one, who is a party, or privy to the record, or is shown by the record to be prejudiced by the judgment, and as Levi W. Sholty does not occupy the position upon the record designated

by the rule, he had no right to sue out the writ of error in the name of McIntyre, Administrator, either in the Appellate Court, or in this Court; and the motion of the plaintiff in error to dismiss the writ of error in the Appellate Court was properly granted in that court, and must be allowed in this Court, unless there is some statute which changes or contravenes the rule already considered.

The only statute, to which counsel have called our attention, is section 124 of the Act in regard to the Administration of Estates (1 Starr & Cur. Ann. Stat. page 247), which provides, that "Appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under this Act, to the Circuit Court, in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the circuit to the Supreme Court, as in other cases, and bonds with security to be fixed by the county or circuit Court as the case may be." But this statute has reference only to appeals from county courts, and does not apply to the present case, where the original suit was brought in the Circuit court. If the plaintiffs below had filed their claim against the administrator in the county court, instead of suing him in the Circuit Court, a different question might be presented. But whether Levi W. Sholty could be regarded as a person aggrieved by the judgment below, so as to be entitled to an appeal under said section 124, is a question which cannot possibly arise upon this record. The suing out of a writ of error is the beginning of a new suit. An administrator of an estate has the same right to dismiss a writ of error sued out in his name in a reviewing court, as he has to dismiss a suit begun by him as administrator in a court of original jurisdiction. In *Henchey* v. *The City of Chicago*, 41 Ill. 136, we said: "Neither can we agree with appellant's counsel in the position that the plaintiff had no power to make the stipulation by which the suit was dismissed. The statute vested in her as administratrix the right of action and the legal title to

whatever damages were recoverable. This of necessity gave her the legal right to control the prosecution and disposition of the suit as an administrator has in other cases. Whether the children who with herself were interested in the distribution of whatever damages might have been recovered can call her to account for any error of judgment she may have committed in making this settlement, is a question to be decided when they make the attempt."

·We are of the opinion that the Appellate Court decided correctly in dismissing the writ of error in that court upon the motion of the plaintiff in error therein. As the affirmance of the judgment of that court will have the same effect upon the rights of the parties as the allowance of the motion to dismiss the writ of error in this court, it is unnecessary to dispose of the latter motion.

For the reasons above stated, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*