CASPER TORMOHLEN *et al.*

*v.*

JACOB WALTER *et al.*

*Opinion filed October 24, 1898.*

1. FREEHOLD—*when freehold is not involved in proceeding to reverse a foreclosure decree.* A writ of error to reverse a decree of foreclosure and sale does not involve a freehold, where errors assigned merely question the correctness of the amount found due.

2. JUDICIAL SALES—*title of assignee of bona fide purchaser not affected by irregularities in the suit.* The title acquired by the assignee of a *bona fide* purchaser at a judicial sale in a proceeding to which neither the purchaser nor assignee was a party or chargeable as a party, is not affected (where there was no lack of jurisdiction) by mere errors at the trial, although they may require the reversal of the judgment or decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

P. J. O'SHEA, for plaintiffs in error.

JESSE HOLDOM, and JOSEPH KOHN, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a writ of error sued out by plaintiffs in error to reverse a decree of the circuit court of Cook county, entered May 6, 1882, directing the sale of certain premises on a bill to foreclose a trust deed. The bill was filed by Otho C. Butz, against William Tormohlen and plaintiffs in error and others, to foreclose a trust deed executed by William Tormohlen and his wife, given to secure a promissory note executed by said William for $1000, with interest at eight per cent. The bill alleged that before suit was brought the title to the premises had been conveyed to the wife of William, who had since died intestate, and that plaintiffs in error and the others named were her heirs-at-law. The defendants, with the exception of the surviving husband, were all infants, and a guardian *ad litem* was appointed by the court for them. The cause was referred to a master, who made his report finding that the complainant was the owner of the note, and that there was due him from William Tormohlen on the same the sum of $1186.89, as principal, interest and foreclosure fees. A decree was entered accordingly, the land sold and the master's report of sale confirmed. Herman Eschenberg became the purchaser at the master's sale. After suing out the writ of error, counsel for plaintiffs in error made an affidavit stating that Butz, the original complainant, had long since been dead, and that the title to the premises was now vested in Jacob Walter and Caroline Walter, to whom the premises had been deeded by the master in chancery, and praying that they be made defendants in error. A *scire facias* to make them parties was issued, and they submitted themselves to the jurisdiction of this court without service. They have filed their motion to dismiss the writ of error on the ground that they were not parties to the original suit, and that as the court below had jurisdiction of the subject matter and of all the parties to the

cause, their title as purchasers at such sale could not be affected by mere irregularities or errors in the proceedings before the decree, and that no relief can be had against them on this writ of error, and because no freehold is involved this court has no jurisdiction.

Among the errors assigned to reverse the decree are: that $50 foreclosure fees were improperly included in the amount found due in the decree of sale; that the guardian *ad litem* did not personally attend the hearing before the master; that the proof was insufficient and made by an incompetent witness, and that the court erred in approving the master's report of sale and allowing certain of the payments he had made.

The motion of defendants in error to dismiss must be sustained for the following reasons: The defendants in error, Jacob and Caroline Walter, were not parties below, but obtained title to the property by the master's deed as the assignees of the certificate of purchase from the purchaser at the master's sale, who also was not a party, and their interests cannot be affected by the above mentioned errors assigned, even if the decree were reversed. Where there is no lack of jurisdiction, the title of a *bona fide* purchaser who is not a party, or chargeable as such, obtained by judicial sale, cannot be affected by mere errors in the proceedings in the suit, even though the judgment or decree may afterwards be reversed on account of such errors. (*Guiteau* v. *Wisely*, 47 Ill. 433; *Goudy* v. *Hall*, 36 id. 313; *Fergus* v. *Woodworth*, 44 id. 374.) The same principle extends to the assignee of such a purchaser. *Roberts* v. *Clelland*, 82 Ill. 538.

As this writ of error is brought simply to reverse a decree of foreclosure and sale, and cannot affect the title to the property, there is no freehold involved, and the writ must be dismissed.                    *Writ dismissed.*