SAMUEL J. COOKE

*v.*

MARY L. COOKE.

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

1. APPEALS AND ERRORS—*party must join co-defendants in writ of error.* One who is a party to the record or is shown by the record to be prejudiced by a judgment or decree may sue out a writ of error, and is permitted to use the names of all of his co-defendants without their consent; but he cannot prosecute his writ without joining co-defendants who are identified in interest with him, and obtain the judgment of a court of review so far as the judgment or decree below affects him.

2. SAME—*writ of error must agree with the record.* In order to bring up a decree in favor of the complainant for review by writ of error all defendants in the original suit who are living must join in the writ, so that the whole case may be disposed of and that the record may agree with the record below.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

H. H. FERRELL, for plaintiff in error.

CUNNINGHAM, VOGEL & CUNNINGHAM, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Mary L. Cooke, alleging that she was the owner of a life estate in sub-lot 1 in the fractional section addition to the city of Chicago, and
194—15

also known as 468 Wabash avenue, in said city, by devise from her deceased brother, Andrew T. King, with remainder to her heirs, filed her bill in this case in the circuit court of Cook county asking the court to sell said real estate and convert it into personal property, to appoint a trustee to make said sale and invest the proceeds in interest-bearing securities, and to pay the annual income to her as life tenant and to deliver the principal to her heirs at her death. The facts averred as ground for the relief were, in brief, that the devise to her was of the rents, issues, profits and income of the property for her life, without power to sell or encumber such property; that the property was worth $40,000, but produced no income; that the taxes amounted to nearly $1000 per year, and that the property would be sold for taxes and other expenses, and lost to her and her heirs, unless it could be sold and the proceeds invested. Two infant children of complainant, a niece who was also a minor, Samuel J. Cooke, the plaintiff in error, her husband, and all other living persons who might become heirs of the complainant, were made defendants to the bill. A guardian *ad litem* was appointed for the three minors, who answered, neither admitting nor denying the allegations of the bill and praying for proof of its averments. Samuel J. Cooke, the husband, answered admitting the facts alleged in the bill, and the other defendants were defaulted. The court heard evidence and entered a decree appointing the complainant, the life tenant, trustee for herself and her future heirs, with directions to sell the property and to invest the proceeds in interest-bearing securities, and as such trustee, for herself and her heirs, to pay the income to herself during her life, and after her death the principal of said trust to go to her heirs in fee. Said Samuel J. Cooke, one of the defendants, sued out the writ in this case and has brought the record into this court.

This is a case where both parties are desirous of having the decree affirmed, and the other parties affected by

the joint decree, some of whom are minors and who are at least equally parties in interest, have not been brought before the court. Defendant in error filed the bill in the circuit court, and the plaintiff in error, her husband, answered admitting the facts, and testified, on the hearing, in support of the bill, both as to facts and his own opinion that the relief should be granted. Counsel for plaintiff in error makes some suggestions and inquiries as to the law for consideration, but says, in substance, that it would undoubtedly be a great benefit to the minor children if the decree could be legally carried out, and that if the law will allow the estate created by the deceased donor to be changed, it becomes the duty of the court of review to put the decree in such unquestionable state that there will be no flaw or defect in the title conveyed by the trustee, so that the property will bring its full market value. Plaintiff in error presents a question of law, not with the hope or expectation of obtaining a reversal, but for the purpose of having the decree affirmed and all doubts or questions finally settled.

Any one who is a party to the record or is shown by the record to be prejudiced by a judgment or decree may sue out a writ of error and is permitted to use the names of all his co-defendants without their consent. (Practice act, sec. 70; 3 Starr & Cur. Stat. 1896, p. 3099.) But he cannot prosecute his writ without joining his co-defendants who are identified in interest with him, and obtain the judgment of this court so far as the decree affects him. Plaintiff in error was but one of the defendants in the circuit court and all the other defendants were united in interest with him. The decree affects them all and in the same way, and it did not have the effect of a several judgment or decree against different parties. They had no separable interest in the suit, and the rule is elementary that a case cannot be heard at one time as to one party and at another time as to another. The writ of error must agree with the record, and in order to bring

the decree up for review by writ of error, all who were defendants in the original suit who are alive must join in the writ of error, so that the whole case may be disposed of and that the record may agree with the record below. (*McIntyre* v. *Sholty*, 139 Ill. 171; 2 Ency. of Pl. & Pr. 185.) The writ of error is a new suit in this court, and the minors and other parties affected by the decree have not been made parties, and errors are assigned by only one of the parties affected by the decree. We cannot hear the cause in that way, and the writ is dismissed.

*Writ dismissed.*