## Catherine C. Touhy, et al., v. Ezra B. McCagg, Executor, et al.

### Gen. No. 11,279.

1. MASTER'S FEES—*when allowance of, proper.* The allowance by the court of a reasonable fee to a master for examining questions submitted to him and making report thereon, is proper.

2. SOLICITOR'S FEE—*when allowance of, in foreclosure proceeding, improper.* The allowance of a solicitor's fee in a foreclosure proceeding is improper where the trustee named in the trust deed, or a member of the law firm to which such trustee belongs, acts as the complainant's solicitor.

Foreclosure proceeding. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed June 2, 1905.

**Statement by the Court.** Plaintiffs in error executed a trust deed in the nature of a mortgage to Arthur B. Wells, trustee, to secure their note for $3,000. The trust deed contained a provision that in case of foreclosure the court should allow the complainant and tax as a part of the costs a solicitor's fee of not less than five per cent. of the face of the note and accrued interest. The holder of the note filed a bill to foreclose, to which the trustee was made a defendant, the bill alleging that he declined to file said bill of complaint. The bill was signed by John M. Blakeley as solicitor and counsel for complainant. The decree found that $3,395.84 was due complainant and allowed complainant $150 for solicitor's fees for the services of Mr. Blakeley in the proceeding, and allowed the master a fee of $75 for examining questions submitted to him and reporting his conclusions thereon. To reverse this decree the grantors in the trust deed prosecute this writ of error.

WILLIAM R. CHAMBERLAIN, for plaintiffs in error.

JOHN M. BLAKELEY, for defendants in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The contention that the court erred in allowing to the master a fee of $75 for examining the questions submitted to him and reporting his conclusions thereon cannot be sustained. The order of reference directed the master to take and report the evidence with his conclusions thereon. The concluding portion of section 20, chapter 53, R. S., which relates to the fees of masters in the county of Cook, provides that "masters may receive for examining questions in issue referred to them and reporting conclusions thereon, such compensation as the court may deem just." The court under this provision of the statute was authorized to make the allowance that was made. Schnadt v. Davis, 185 Ill. 476.

The other errors assigned relate to and call in question the allowance by the court of $150 for the solicitor's fees of complainant's solicitor. Mr. Blakeley, the solicitor of complainant, and Mr. Wells, the trustee in the trust deed which was foreclosed, were partners under the firm name of Wells and Blakeley. Mr. Wells testified that the attorneys' fees allowed in and by the decree would go to the complainant, but that the firm of Wells and Blakeley would make a charge to complainant for their services in the case and that the fees so charged when collected would go to Wells and Blakeley; that the attorneys' fees allowed by the decree would go to the complainant to reimburse him for the attorneys' fees paid by him. Mr. Blakeley testified that whatever the complainant paid for solicitors' fees in the foreclosure suit would be divided between Mr. Wells and himself.

It is well settled in this state that where a trustee in a trust deed acts as the solicitor of complainant in a bill to foreclose a trust deed, no allowance can be made in the decree for solicitors' fees. Gray v. Robertson, 174 Ill. 242; Gantzer v. Schmeltz, 206 ib. 560. The same rule applies where the solicitors for the complainant in such foreclosure suit are a firm of which the trustee is a member. Collins v. Carey, 2 Beavan, 128; 1 Perry on Trusts, 432.

In this case Mr. Blakeley was the solicitor of complainant and rendered the services in the case, but both members of the firm testified that his fees for such services would go into

the partnership fund and that Mr. Wells, the trustee, would receive the same profit therefrom that he would receive if the services had been rendered by the firm.   The master based his recommendation that the fee in question be allowed upon the ground that from such allowance "no profit flows to Mr. Wells from the trust estate.   The profit comes to him, not by reason of any services performed by him but by reason of services performed by his partner."   This position is not tenable.   In the words of the Master of the Rolls in Christopher v. White, 10 Beavan, 523-525, "Would this court allow a trustee to say to his partner, 'You shall act as solicitor and earn all the profit you can for the concern'?   I think that could not be maintained."   It matters not whether Mr. Blakeley was employed by the complainant or by the trustee, nor whether the solicitors' fees allowed by the decree were thereby directed to be paid to complainant or to his solicitor.   The services for which such allowance was made were rendered by Mr. Blakeley, and were so rendered, not for his own profit alone, but for the profit of the firm of Wells and Blakeley, of which the trustee in the trust deed under which the allowance was made was a member, and therefore the allowance for such services was improper.   It was error to allow to complainant in this case a solicitor's fee of $150 for services rendered by the partner of the trustee for the profit of the firm.

The decree of the Superior Court will be reversed and the cause remanded with directions to deny any allowance for solicitors' fees.

*Reversed and remanded with directions.*