NATHANIEL J. SCOTT *et al.*

*v.*

THE GREAT WESTERN COAL AND COKE COMPANY *et al.*

*Opinion filed February 21, 1906.*

1. APPEALS AND ERRORS—*all parties to record below must be before the court on writ of error.* All parties to the record of the inferior court to which a writ of error issues must be made parties to the writ, either as plaintiffs or defendants, so that one judgment of the court of review will settle the rights of all parties interested.

2. SAME—*party may sue out writ of error in names of his co-plaintiffs.* A party to the record of the inferior court may sue out a writ of error in the names of his co-plaintiffs or co-defendants, and if any of them refuse to appear and assign errors they must be summoned and severed, and after the severance the writ may then be prosecuted in their names.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JAMES ·H. HOOPER, and E. A. BIGGS, for plaintiffs in error.

ALEXANDER W. HOPE, for defendants in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

The proceeding in the circuit court of Cook county from which this cause originated was in the nature of a creditor's bill filed by one Adolph Enders against the Great Western Coal and Coke Company. The creditor's bill was filed for Enders' own benefit, other creditors not being made parties, and was for the purpose of enforcing payment on an execution issued upon a judgment rendered against said company in favor of Enders. A receiver was appointed according to the prayer of the bill. The bill was afterwards amended to read, "Adolph Enders, for the use of Hamilton Moses, *vs.* Great Western Coal and Coke Company," Moses having purchased said judgment and had the same assigned to him, and also had assigned to him by the coal and coke company the assets of said coal and coke company. The assignment of said assets of said company was exhibited to the circuit court and the assignment confirmed, and a decree was entered finding that all moneys, assets, effects, etc., of said coal and coke company in the hands of the receiver should be turned over to said Moses to protect him upon said judgment. The complainant then dismissed his creditor's bill and the court entered an order discharging the receiver. Plaintiffs in error, together with one John McGregor, objected to the court's discharging the receiver, and based their objections upon the ground that they had filed claims with the receiver for moneys due them from the corporation, and that their claims, although for unliquidated damages for breaches of contracts, should be considered and allowed before the receiver was discharged, which objection was overruled by the court. Plaintiffs in error, together with McGregor, sued out a writ of error from the Appellate Court to review the proceedings of the trial court, and upon motion the writ was dismissed, and this writ of error is sued out of this court to review the judgment of the Appellate Court.

A motion to dismiss this writ of error was entered in this court by the defendants in error and overruled at the December term, 1905. The only ground for dismissal, however, as set out in the motion, was, that the plaintiffs in error were not such parties to the record in the circuit court as gave them the right to an appeal or writ of error, and this court at that time overruled the motion upon the theory that it was necessary to review the record and determine whether or not the Appellate Court entered the proper judgment. By the brief of defendants in error our attention is called to the condition of the record, it showing that in the writ of error as sued out from the Appellate Court plaintiffs in error and McGregor were all parties plaintiff to the proceeding, and in this court the writ is only sued out by plaintiffs in error, and McGregor is neither made party plaintiff nor defendant.

It is necessary, before this court will review the record of an inferior court upon writ of error, to have all parties to the record of the inferior court to which the writ issues, made parties, either plaintiff or defendant, so that one judgment of this court will determine the rights of all parties interested; and if a party to the record refuses to join the other plaintiffs in error in the court below, any person having the right to a writ of error may sue out the writ and use the names of all his co-plaintiffs or co-defendants, and if co-plaintiffs or co-defendants choose to abide an erroneous judgment and refuse to appear and assign errors they must be summoned and severed, and after the severance the writ may then be prosecuted in the name of such co-plaintiffs or co-defendants, so that one writ and one judgment will answer as to all. *McIntyre* v. *Sholty,* 139 Ill. 171; *Cooke* v. *Cooke,* 194 id. 225; *Granat* v. *Kruse,* 213 id. 328.

The order, therefore, denying the motion to dismiss the writ of error is accordingly set aside and the writ of error dismissed.                               *Writ dismissed.*