ANNA WUERZBURGER, Jr., *et al.*

*v.*

JOHN WUERZBURGER *et al.*

*Opinion filed April 17, 1906.*

1. APPEALS AND ERRORS—*writ of error must agree with record.* If the parties whose names are used by their co-plaintiff or co-defendants choose to abide by the judgment or decree and do not appear and assign error they must be summoned and their interests be severed, since the writ of error must agree with the record as to the parties. (*Wormley* v. *Wormley,* 207 Ill. 411, distinguished.)

2. SAME—*interest of new parties cannot be shown by affidavit.* The fact that parties to a writ of error who do not appear from the record to have been parties to the suit below have become interested in the subject matter of the suit since the judgment or decree was rendered cannot be shown by affidavit.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. S. PAGE, Judge, presiding.

This was a writ of error sued out by Anna Wuerzburger and Eddie Wuerzburger on May 26, 1904, from this court, to review a decree of the circuit court of Woodford county entered on the 17th day of December, 1885. Complainants in the bill were Anna Wuerzburger, widow of John Wuerzburger, and six of the children of said John Wuerzburger, including the plaintiffs in error, who were then all minors and who sued by Herman J. Pelz, as their next friend, and the defendants were the eight adult children of said John Wuerzburger and certain parties holding judgments and mortgage liens upon the real estate sought to be partitioned, and the bill prayed for the partition of the north-east quarter of section 13, township 26, north, range 1, west of the third principal meridian, Woodford county, Illinois, between the heirs of John Wuerzburger, who died seized of said real estate on August 16, 1885, and for the assignment of dower and homestead therein to his widow, Anna Wuerzburger. The commissioners reported the real estate was not suscep-

tible of division and appraised it at $9600, and the widow having consented, in writing, that said real estate be sold disencumbered of her dower and homestead therein, on the sixth day of January, 1886, the court entered a decree ordering that the master in chancery sell the real estate, and it was sold on February 26, 1886, to Richard O. Colburn for $7992, and on April 6, 1886, the sale was approved and the master was ordered to make a deed to the purchaser, Richard O. Colburn. A deed was subsequently made and the purchase money distributed under the direction of the court. The plaintiffs in error, Anna Wuerzburger and Eddie Wuerzburger, at the time the decree was entered were of the ages of four and seven years, respectively, and a writ of error was sued out within five years after they attained their majority. The defendants in error are all of the complainants other than said Anna and Eddie Wuerzburger, and all the defendants and Mary E. Madison and Leona Colburn.

L. F. MEEK, and BARNES & MAGOON, (L. WALTER MAC-NEIL, of counsel,) for plaintiffs in error.

THOMAS KENNEDY, and WILLIAM A. POTTS, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

A motion was made to dismiss the writ of error, which has been reserved to the hearing. The grounds of the motion, so far as we deem them material, are as follows: First, the parties to the writ of error are not the same as the parties to the suit in the court below; second, all the parties complainant in the court below were not joined as plaintiffs in error; third, Mary E. Madison and Leona Colburn were not parties to the suit in the court below, either as complainants or defendants.

It has been held since the early case of *Robinson* v. *Magarity,* 28 Ill. 423, to be the law of this State that a writ of

error must be sued out in the same names in which the proceedings below were conducted, and in no other. And section 70 of the Practice act provides that it is permissible for the plaintiff in error to join his co-plaintiffs or co-defendants in a writ of error without their consent, and the practice is, if the parties whose names are thus used by a co-plaintiff or a co-defendant choose to abide an erroneous judgment or decree and refuse to appear and assign errors, they must be summoned and severed, and then, after the severance, the writ may be prosecuted in the name of said co-plaintiffs or co-defendants. In *McIntyre* v. *Sholty,* 139 Ill. 171, on page 176, the court said: "All the plaintiffs or defendants in the original suit who are alive must join in the writ of error, and it is competent for one to join the others without their consent. The reasons for this rule are, that the writ must agree with the record, and that if one of a number of plaintiffs or one of a number of defendants who have not distinct and several interests should be permitted to bring a writ of error, every one might do the same, and such a practice would tend to multiply suits. If the parties whose names are thus used by a co-plaintiff or co-defendant choose to abide an erroneous judgment and refuse to appear and assign errors, they must be summoned and severed, and then, after the severance, the writ may be prosecuted in the name of such co-plaintiff or co-defendant." And in *Cooke* v. *Cooke,* 194 Ill. 225, on page 227: "Any one who is a party to the record or is shown by the record to be prejudiced by a judgment or decree may sue out a writ of error, and is permitted to use the names of all his co-defendants without their consent. (Practice act, sec. 70; 3 Starr & Cur. Stat. 1896, p. 3099.) But he cannot prosecute his writ without joining his co-defendants who are identified in interest with him, and obtain the judgment of this court so far as the decree affects him. Plaintiff in error was but one of the defendants in the circuit court and all the other defendants were united in interest with him. The decree affects them all and in the

same way, and it did not have the effect of a several judg-
ment or decree against different parties. They had no sep-
arable interest in the suit, and the rule is elementary that a
case cannot be heard at on time as to one party and at an-
other time as to another. The writ of error must agree with
the record, and in order to bring the decree up for review by
writ of error all who were defendants in the original suit who
are alive must join in the writ of error, so that the whole
case may be disposed of and that the record may agree with
the record below."

It is urged that a different method of procedure was ap-
proved of in the case of *Wormley* v. *Wormley,* 207 Ill. 411.
That case is distinguishable from the case at bar. In *Scott*
v. *Great Western Coal and Coke Co.* 220 Ill. 42, it was said:
"It is necessary, before this court will review the record of
an inferior court upon writ of error, to have all parties to the
record of the inferior court to which the writ issues, made
parties, either plaintiff or defendant, so that one judgment
of this court will determine the rights of all parties inter-
ested; and if a party to the record refuses to join the other
plaintiffs in error, * * * any person having the right to
a writ of error may sue out the writ and use the names of
all his co-plaintiffs or co-defendants, and if co-plaintiffs or
co-defendants choose to abide an erroneous judgment and re-
fuse to appear and assign errors they must be summoned and
severed, and after the severance the writ may then be prose-
cuted in the name of such co-plaintiffs or co-defendants, so
that one writ and one judgment will answer as to all.—
*McIntyre* v. *Sholty,* 139 Ill. 171; *Cooke* v. *Cooke,* 194 id.
225; *Granat* v. *Kruse,* 213 id. 328."

It does not appear from the record that Mary E. Madi-
son and Leona Colburn were parties to the suit in the court
below, either as complainants or defendants, or that they
have any interest in the subject matter of the suit. It was,
however, sought to be shown by affidavit, at the time the
writ of error was sued out, that said Mary E. Madison and

Leona Colburn have, by inheritance through their deceased father, Richard O. Colburn, an interest in the subject matter of the decree entered in the court below. Their interest could not thus be shown. In *Hauger* v. *Gage,* 168 Ill. 365, on page 367, the court said: "The general rule is that writs of error must be sued out in the name of parties to the action below. 'No person can bring a writ of error to reverse a judgment who was not a party or privy to the record or prejudiced by the judgment, and therefore to receive advantage by the reversal of it.' (Tidd's Prac. title 'Error,' 1189.) 'Whether the plaintiff in error be a party or privy or is aggrieved by the judgment must appear by the record. A couit for the correction of errors cannot, at common law, hear evidence to determine whether a party seeking a reversal is aggrieved by the judgment. Its mission is to examine the record upon which judgment was given, and upon such examination to reverse or affirm.' " And in *Granat* v. *Kruse, supra,* on page 332 : "In this case the relation of M. L. Barrett & Co. to the suit does not appear from the record but only from the affidavit filed in the case. It appears from the affidavit that that corporation, being bound to indemnify Granat against the claim of Kruse & Peden, was notified to assume the defense of the action, and did so, but that after the judgment of the Appellate Court Granat refused to permit them to prosecute an appeal or sue out a writ of error, or proceed further in the defense against the claim, or seek a reversal of the judgment. We have no jurisdiction to hear and determine such questions or to make them the basis of our action. The record certified to this court speaks for itself, and we cannot hear extrinsic evidence to determine whether a party seeking a reversal is aggrieved by the judgment." And in *Tormohlen* v. *Walter,* 175 Ill. 442, on page 444, it was said: "The defendants in error, Jacob and Caroline Walter, were not parties below, but obtained title to the property by the master's deed as the assignees of the certificate of purchase from the purchaser at the master's sale, who

also was not a party, and their interests cannot be affected by the above mentioned errors assigned, even if the decree were reversed." "The writ of error can be brought against none but parties or privies to the judgment below. And all parties against whom the judgment was rendered, and all persons privy to the judgment, should be joined as defendants." (7 Ency. of Pl. & Pr. p. 865.)

For the reasons hereinbefore suggested, we are of the opinion the writ of error was improvidently sued out and that the motion to dismiss the writ must be sustained.

The writ of error will be dismissed.

*Writ dismissed.*