## Catherine C. Touhy et al. v. Ezra B. McCagg, Executor, et al.

### Gen. No. 12,448.

1. WRIT OF ERROR—*in what name should be sued out.* Where one of several defendants to a decree in equity seeks to review the same by writ of error, that defendant should sue out the writ in the names of all of the defendants to the decree, and then summon and sever those plaintiffs in error who refuse to assign errors.

2. WRIT OF ERROR—*what effects severance of parties.* A failure of one defendant in a decree, who is made a defendant in error by another defendant in such decree and served with *scire facias ad audiendum errores*, to appear and assign cross error or join with the plaintiff in error in the prosecution of the writ of error, operates to create a severance and justifies such plaintiff in error in prosecuting the writ of error alone.

3. TRANSCRIPT OF RECORD—*what not proper part of.* A petition for a writ of assistance and an order entered pursuant thereto, are not proper parts of a transcript of record filed upon a writ of error sued out prior to the filing of such petition and the entry of the order thereon.

4. SOLICITOR'S FEES—*when allowance of, in foreclosure proceed-ing, improper.* An allowance of a solicitor's fee in a foreclosure proceeding to a law partner of the trustee named in the trust deed sought to be foreclosed, is improper where such trustee would participate in such fee.

Foreclosure proceeding. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed May 14, 1907.

**Statement by the Court.** Ezra B. McCagg, executor of the will of Amanda S. Cook, filed a bill in the Superior Court to foreclose a trust deed in the nature of a mortgage executed by Catherine C. Touhy and Patrick L. Touhy, her husband. Said grantors, John Gebhardt, William G. Jackson, Allen A. Gilbert, Arthur B. Wells, the trustee in said trust deed, and Frederick H. Gade, successor in trust, were made defendants to the bill. Complainant afterwards dismissed as to Gebhardt; Patrick L. Touhy and Allen A. Gilbert were served with summons, failed to appear and were defaulted. Jackson entered his appearance, but failed to answer. Catherine C. Touhy answered the bill, and Wells, trustee, and Gade, successor in trust, joined in an answer. The decree of foreclosure which it is sought to reverse by this writ of error was entered March 18, 1902, on the bill taken as confessed by the defendants Patrick L. Touhy, Jackson and Gilbert, the answer of Catherine C. Touhy and the joint answer of Wells, trustee, and Gade, successor in trust. The decree is the usual decree of foreclosure.

The mortgaged premises were sold by the master to the complainant for the full amount of the decree and costs, and, the defendants failing to redeem, August 6, 1903, a master's deed was executed, conveying said premises to complainant.

July 5, 1905, upon a *praecipe* filed, in which Catherine C. and Patrick L. Touhy are named as plaintiffs in error, and Ezra B. McCagg, executor, etc., and Arthur B. Wells, trustee, as defendants in error, a writ

of error issued and also a writ of *scire facias,* which was served upon said defendants in error.

The transcript of the record filed March 13, 1906, was certified November 11, 1905. From this transcript it appears that July 14, 1905, after the filing of the *praecipe* and the issuing of the writ of error and the *sci. fa.* in this case, Jane Creigh Wells filed in said cause in the Superior Court her petition alleging that the title to said premises had, by sundry conveyances, passed from the complainant to her, and praying for a writ of assistance against the defendant, Catherine C. Touhy, and one S. Rogers Touhy to put petitioner in possession of the premises so conveyed to her. July 18, 1905, an order was made in said cause that a writ of assistance issue in accordance with the prayer of said petition.

Upon the record, Catherine C. and Patrick L. Touhy, as plaintiffs in error, assigned errors, both upon matters contained in the original decree and upon matters contained in the order for a writ of assistance.

April 25, 1906, defendant in error McCagg, executor, etc., filed his motion in writing that the writ of error be dismissed because the plaintiffs in error had failed to make parties thereto, all the parties to the record in the Superior Court. Two days later, plaintiffs in error filed their motion in writing for leave to amend, etc., by adding as "defendants in error Allen A. Gilbert, William G. Jackson and Frederick Gade, successor in trust." By an order entered May 4, 1906, the motion of defendant in error McCagg was denied, leave granted to plaintiffs in error to amend by making said Gilbert, Jackson and Gade, successor in trust, defendants in error, and a *sci. fa.* was ordered to issue for such new defendants in error. On the same day said writ was issued for said new defendants in error and served upon Gilbert and Gade. Later the death of Jackson was suggested on the record.

Defendant in error McCagg, executor, etc., filed a brief November 14, 1906, and therein renewed his motion to dismiss the writ of error.

William R. Chamberlain, for plaintiffs in error.

John M. Blakeley, for defendant in error, Ezra B. McCagg.

Mr. Justice Baker delivered the opinion of the court.

The regular and proper practice in this case was for Catherine C. and Patrick L. Touhy to sue out the writ of error in the names of all the defendants to the bill who were alive when the writ was sued out, and then summon and sever the plaintiffs in error who refused to assign errors. Wuerzburger v. Wuerzburger, 221 Ill. 277, and cases there cited.

In Wormley v. Wormley, 207 Ill. 411, it was held, that a writ of error sued out by only one of the complainants who names all of his co-complainants and the defendants as defendants in error, will not be dismissed for misjoinder of parties, where the defendants in error are served as defendants in error, or enter their appearance, and fail to assign cross errors or ask to be joined as plaintiffs in error, since such action creates a severance.

It is true that only one of the defendants to the bill was originally made a defendant in error in this case, but section 10 of the Statute of Amendments and Jeofails provides that writs of error may be amended.

By amendment, made by leave of court, the remaining defendants other than the plaintiffs in error and Wells, trustee, were made defendants in error, and with the exception of Jackson, whose death was suggested on the record, were all served as defendants in error.

Under the rule stated in Wormley v. Wormley, supra, their failure to assign cross error or to unite with the plaintiffs in error in the prosecution of the writ of error, operates to create a severance and justifies the plaintiffs in error in prosecuting the writ of error alone. The motion to dismiss the writ of error will therefore be denied.

The writ of error and *scire facias* were sued out July 5, 1905. Jane Creigh Wells, the grantee through *mesne* conveyances from complainant of said premises, filed in the cause her petition for a writ of assistance July 14, and an order was made July 18, 1905, that such writ issue. Neither said petition nor order has any proper place in the transcript of the record in this cause, and will be stricken therefrom.

The only assignments of error relating to any order or proceeding in the cause, made or had prior to the suing out of the writ of error in this case, which have been argued by counsel for plaintiffs in error, are those which relate to the allowance in the foreclosure decree of $600 to complainant for the services of his solicitor under the provisions of the trust deed. The same question was presented in the case of Touhy et al. v. McCagg, Executor, etc., 121 Ill. App. 93.

The evidence, the master's report and recommendation, and the provisions of the decree relating to the allowance of solicitors' fees were the same in that case as in this, except that the amount of the decree is much greater in this case than in' that, and the allowance for solicitors' fees is $600 in this case and was $150 in that case. The question has been again argued by counsel and considered by us. We see no reason to depart from the conclusion reached in that case that it was error to allow solicitors' fees for services rendered by Blakeley, the partner of Wells, the trustee in the trust deed which was foreclosed, when such compensation would go into the partnership funds and Wells receive the same profit therefrom that he would receive if the services had been rendered by the firm of Wells and Blakeley.

The petition of Jane Creigh Wells for a writ of assistance filed July 14, 1905, the several affidavits filed in support of and in opposition to said petition; the order of the Superior Court entered July 18, 1905, directing that such writ of assistance issue; the writ of assistance issued pursuant to said order, and the

return of the sheriff of Cook county thereon will be stricken from the transcript of the record herein.

So much of the decree as allows to complainant $600 for solicitors' fees will be reversed; in all other respects the decree will be affirmed and the cause will be remanded to the Superior Court, with directions to deny any allowance of solicitors' fees.

*Reversed and remanded with directions.*