(No. 18693.—Order of submission set aside.)
AUGUSTE A. RATZMAN, Defendant in Error, *vs.* EDWIN W. RATZMAN *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1928.*

PRACTICE—*when order of severance is necessary before taking case under advisement.* Where a decree on a bill against husband and wife sets aside his deed as a cloud on complainant's title and a writ of error is sued out by the wife, but the husband, though served as co-plaintiff in error, enters no appearance and assigns no errors, there should be an order of severance entered as to him before the case is taken under advisement.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

OTTO W. CHRISTOPHER, for plaintiff in error Theresa Ratzman.

BLECH & HERSON, for defendant in error.

Per CURIAM: Auguste A. Ratzman, as complainant, filed a bill in chancery against her son, Edwin, and his wife, Theresa, praying for relief. Briefly stated, the bill alleged complainant bought a lot described, in the city of Chicago, at the price of $990; that she paid $400 in cash and made a contract with the owner of the lot to pay the

balance in installments of $50 or more per month; that on account of her advanced age and infirmity the contract was taken in the name of her son; that she, or others for her, with her own money paid for the lot, and without her knowledge or consent the deed was made to the son. The bill prays the deed to the son be declared null and void against complainant as a cloud on her title; that it be delivered up and canceled and the son decreed to convey the premises to her, and upon his failure to do so that the master in chancery make the conveyance. A final decree was entered substantially granting the relief prayed for. Theresa A. Ratzman, the wife of complainant's son, sued a writ of error out of the Appellate Court to review the decree. That court transferred the case to this court on the ground that a freehold was involved.

The writ of error was sued out by Theresa A. Ratzman, and her husband, Edwin W. Ratzman, was served as co-plaintiff in error. He never appeared or assigned errors. He should therefore have been summoned and severed, and after the severance his name might be used as co-plaintiff in error. It does not appear that there was ever any order of severance, and the case was not ready for submission when taken under advisement. *McIntyre* v. *Sholty,* 139 Ill. 171; *Bellinger* v. *Barnes,* 221 id. 240; *Scott* v. *Great Western Coal Co.* 220 id. 42; *Mills* v. *Teel,* 244 id. 39; *Stephens* v. *Collison,* 268 id. 575.

The order taking the case will therefore be set aside and the parties left to take such further proceedings as they may deem proper.       *Order of submission set aside.*