Spangler *v.* Jacoby.

---

LEWIS S. SPANGLER, Plaintiff in Error, *v.* ANDREW JACOBY, Defendant in Error.

ERROR TO McDONOUGH.

A majority of all the members elected to either branch of the General Assembly must concur in the final passage of a bill, or the act has no force.

The ayes and noes taken on the passage of the bill, is the only test of its validity; and this vote must be entered on the journal.

The printed statute book is not conclusive, but may be corrected by the original act on file in the office of the Secretary of State.

It may be shown from the journals of either branch of the legislature, that a particular act was not passed in the mode prescribed by the constitution.

If a contest arises as to the passage of an act, the journal may be appealed to, to settle it.

The signatures of the speakers and the governor, to an act, are presumptive, that it became a law in pursuance of the constitution; but this presumption may be overthrown by the journals.

THE bill of exceptions in this case shows, that the defendant in the circuit court moved to quash the summons issued in the case, because the said summons was made returnable on the first Monday of May, A. D. 1853, on the first day of the term of the McDonough circuit court, when by law no term of said court was authorized, but the same should be held on a different month. The summons and the return of the sheriff are also shown.

The agreed case shows, that prior to the meeting of the legislature then next preceding, the times fixed for holding the McDonough circuit court were the third Mondays in April and November of each year; that at the preceding session of the legislature, a bill was introduced in the senate of said legislature, in which it was provided that McDonough county should be added to the fifteenth judicial circuit and be part thereof, (said county having previously constituted a part of the fifth judicial circuit,) and that the times of the holding of the circuit court in said county should thereafter be on the first Mondays in May and September, to be in force from its passage; that said bill having passed the senate, was reported to the house of representatives, where it was amended; that said bill was sent to the senate (without having been read the third time, or the ayes and noes called, so far as is shown by the journal of the house of representatives) for their concurrence; and that the senate concurred in the amendment, and passed the bill; that said bill was signed by the speakers of the two houses and by the governor. A certified copy of the journals of both houses, having reference to the act in question, appears in the bill of exceptions.

O. C. SKINNER, Judge, at this May term, 1852, of the McDonough Circuit Court, overruled the motion, refused to quash the summons, and gave judgment for the plaintiff, to which proceedings the defendant excepted, and sued out this writ of error.

R. S. BLACKWELL, for plaintiff in error.

N. H. PURPLE and B. C. COOK, for defendant in error.

TREAT, C. J. The constitution contains the following provisions : " Each house shall keep a journal of its proceedings." Art. 3, § 13. " On the final passage of all bills, the vote shall be by ayes and noes, and shall be entered on the journal; and no bill shall become a law without the concurrence of a majority of all the members elect in each house." Art. 3, § 21.

Spangler *v.* Jacoby.

" Every bill, having passed both houses, shall be signed by the speakers of their respective houses." Art. 3, § 23. " Every bill which shall have passed the senate and house of representatives shall, before it becomes a law, be presented to the governor; if he approve, he shall sign it." Art. 4, § 21.

A majority of all the members elected to either branch of the general assembly, must concur in the final passage of a bill. This is indispensable to its becoming a law. Without it, the act has no more force than the paper upon which it is written. The vote must be taken by ayes and noes. The constitution prescribes this as the test, by which to determine whether the requisite number of members vote in the affirmative. The vote must also be entered on the journal. The office of the journal is to record the proceedings of the house, and authenticate and preserve the same. It must appear on the face of the journal, that the bill passed by a constitutional majority. These directions are all clearly imperative. They are expressly enjoined by the fundamental law, and cannot be dispensed with by the legislature. There are some other requirements equally essential, and that can no more be disregarded. A bill must be signed by the speakers of both houses, and then presented to the governor for his action. If he consents, his approval is indorsed on the bill; if he returns it with objections, it must again be passed through each house by a majority of all its members. If he does not return the bill within ten days, and the legislature still remains in session, it becomes a law without his signature.

When an act has gone through all the forms of legislation, it is deposited in the office of the Secretary of State. R. S. ch. 96, § 7. The journals of the two houses take the same direction. R. S. ch. 96, § 8. They all become records of his office, and may be certified as such, under the seal of the State. R. S. ch. 96, § 5. The printed statute book is evidence of the acts contained therein. R. S. ch. 40, § 1. It is, however, not conclusive, but may be corrected by the original acts on file in the secretary's office. It is competent to go behind a printed statute, and show from the enrolled law that it is erroneously published. De Bow *v.* The People, 1 Denio, 9 ; Rex *v.* Jeffries, 1 Strange, 446 ; Beecher *v.* James, 2 Scam. 462. The journals of either branch of the legislature, are the proper evidence of the action of that branch, upon all matters before it. 1 Greenl. on Evidence, § 490; Root *v.* King, 7 Cowen, 613 ; Jones *v.* Randall, Cowper, 17.

In our opinion, it is clearly competent to show from the journals of either branch of the legislature, that a particular act was

not passed in the mode prescribed by the constitution, and thus defeat its operation altogether. The constitution requires each house to keep a journal, and declares that certain facts, made essential to the passage of a law, shall be stated therein. If those facts are not set forth, the conclusion is that they did not transpire. The journal is made up under the immediate direction of the house, and is presumed to contain a full and complete history of its proceedings. If a certain act received the constitutional assent of the body, it will so appear on the face of its journal. And when a contest arises as to whether the act was thus passed, the journal may be appealed to to settle it. It is the evidence of the action of the house, and by it the act must stand or fall. It certainly was not the intention of the framers of the constitution, that the signatures of the speakers and the executive should furnish conclusive evidence of the passage of a law. The presumption indeed is, that an act thus verified, became a law pursuant to the requirements of the constitution, but that presumption may be overthrown. If the journal is lost or destroyed, this presumption will sustain the law, for it will be intended that the proper entry was made on the journal. But when the journal is in existence, and it fails to show that the act was passed in the mode prescribed by the constitution, the presumption is overcome, and the act must fall. This view is sustained by adjudged cases. In the case of the State v. McBride, 4 Missouri, 303, the court looked into the journals of the legislature to ascertain whether a constitutional amendment, which had been enrolled and declared to be a part of the constitution, was in fact ratified by the requisite number of the members of the legislature. In Green v. Graves, 1 Doug. 351, the court held on demurrer to a declaration upon a note given to the Bank of Niles, that the bank had no legal existence, because the act under which it was organized, did not receive the assent of two thirds of the members of the legislature. See, also, Purdy v. The People, 2 Hill, 31, and 4 Hill, 14.

The act in question was signed by the speakers of the two houses, and it received the assent of the executive. *Primâ facie*, therefore, it became a law. But the journal of the house of representatives fails wholly to show, that it was ever put upon its final passage in that house; in other words, it does not appear that it passed with the concurrence of a majority of the members elect of that body. The act did not become a law in pursuance of the provisions of the constitution, and it is therefore null and void.

The judgment is reversed.                         *Judgment reversed.*