166　　　　　　　Happel *et al.* v. Brethauer.　　　　[Sept. T.

Opinion of the Court.

## Charles F. Happel *et al.*

*v.*

## George W. Brethauer.

1.  Statute—*whether passed in the constitutional mode, can not be admitted, but proof must be made to defeat a statute.* The court will not act upon the admissions of parties that a statute has not been passed in the manner required by the constitution. Such fact must be shown either by the printed journals or the certificate of the Secretary of State.

2.  Justice of the peace—*jurisdiction of, must be determined from the evidence.* On appeal, the jurisdiction of a justice of the peace is not determined from the process issued by him or the amount indorsed on the summons, but by the evidence heard upon the trial of the appeal.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

This was a suit brought by George W. Brethauer against Charles F. Happel and Frederic Happel, before a justice of the peace. The demand indorsed on the justice's summons was $200. The other facts of the case appear in the opinion of the court.

Mr. Adolph Moses, for the appellants.

Mr. M. W. Robinson, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

The parties in this case stipulated that the "Act to increase the jurisdiction of justices of the peace and police magistrates," (Sess. Laws 1871–2, p. 548,) and in force July 1, 1871, had not been passed in conformity with the requirements of the constitution. No other proof was submitted, as to the admitted fact.

The court can not act upon such evidence, in determining the constitutionality of a law. If such a rule was adopted, the entire statute might be abrogated by agreement.

We must take the law as we find it written in the statute. If the constitution has not been complied with in its passage, this fact must be shown either by the printed journals, or the certificate of the Secretary of State, the custodian of legislative proceedings. In no other mode can we be properly advised. The mode adopted in this case would be unsafe and ruinous to the stability of the statutes.

The judgment is affirmed.

*Judgment affirmed.*

The foregoing opinion was filed as of the September term, 1872. On a rehearing, the following additional opinion was filed as of the September term, 1873:

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The demand indorsed upon the summons issued by the justice of the peace in this case, was $200. The account proved by the plaintiff was $164, but the defendant introduced evidence of off-sets which reduced the amount due the plaintiff to $87.50, for which amount the justice of the peace rendered judgment. The defendant appealed to the circuit court, and there moved to dismiss the case for the want of jurisdiction in the justice of the peace. The plaintiff then entered credits upon his bill of particulars, leaving the amount then claimed to be due, $84.66. The court overruled the motion to dismiss, and, after hearing evidence, rendered judgment for the plaintiff, for $84.66. Defendant took proper exceptions, and now insists that the court erred in overruling his motion to dismiss the suit for the want of jurisdiction in the justice of the peace.

It is provided, by the 19th section of the act relating to justices and constables, 1 Gross, 395, that "the jurisdiction of the justice shall be deemed to extend to cases in which the original claim, debt, demand or damages may have originally exceeded the sum of $100 and $20 respectively, but which shall have been reduced, by fair credits, below those sums."

It has been repeatedly held, under this section of the statute, that the question of jurisdiction is not to be determined from the process, but from the facts appearing in evidence. *Rogers* v. *Blanchard,* 2 Gilm, 325 ; *Hough* v. *Leonard,* 12 Ill. 457 ; *Clark et al.* v. *Whitbeck,* 14 Ill. 393. The justice of the peace is enjoined to indorse the amount demanded by the plaintiff, together with the costs due, on the summons, but his failing to do so, while it might subject him to liability, can not defeat the plaintiff's right to recover, if, on hearing, it appears, from all the evidence adduced, that the case is one in which the justice has jurisdiction.

We think the case falls within the principle enunciated by the authorities referred to, and the judgment must therefore be affirmed.

*Judgment affirmed.*