TILLIE FREITAG, Plaintiff in Error, *vs.* THE UNION STOCK YARD AND TRANSIT COMPANY, Defendant in Error.

*Opinion filed February 21, 1914—Rehearing denied April 20, 1914.*

1. CONSTITUTIONAL LAW—*meaning of provision concerning appellate jurisdiction of the Supreme Court.* The provision of the constitution concerning the appellate jurisdiction of the Supreme Court does not mean that such jurisdiction is conferred in all cases except those in which it has original jurisdiction, but means that in all cases other than those in which the court is given original jurisdiction, its jurisdiction, whether derived immediately from the constitution or from a statute, is appellate jurisdiction, only.

2. SAME—*right of legislature to make judgments of the Appellate Court final.* The constitution preserves to the Supreme Court appellate jurisdiction over judgments of the Appellate Court in criminal cases, and cases involving a franchise, a freehold or the validity of a statute, but except in those cases appellate jurisdiction is conferred by the legislature, which may withhold such jurisdiction and make the judgments of the Appellate Court final.

3. SAME—*in exercise of appellate jurisdiction court cannot receive evidence of facts not before lower court.* In the exercise of appellate jurisdiction the Supreme Court cannot receive evidence of facts not before the court whose judgment is being reviewed, but can receive such evidence only when exercising original jurisdiction.

4. SAME—*when question whether act was properly passed can not be decided in exercise of appellate jurisdiction.* In the exercise of its appellate jurisdiction the Supreme Court cannot determine whether an act of the legislature was passed in accordance with the constitution, where the copies of the journals relied upon were not before the court whose judgment is being reviewed, since the contents of the journals of the legislature must be proved like any other fact, and the Supreme Court cannot receive such proof except in some proceeding in which it has jurisdiction to try issues of fact.

5. SAME—*when Supreme Court may decide issues of fact.* In the exercise of appellate jurisdiction the Supreme Court, under recognized rules of practice, may decide matters of fact in issue between the parties, such as an alleged release of errors or the barring of the writ of error by the Statute of Limitations.

6. SAME—*when question whether act was properly passed can not be treated as admitted.* Joinder in error cannot be treated as admitting alleged facts stated in the assignment of errors and claimed to show that an act was not properly passed, since the constitutionality of a statute cannot be determined upon the admission or stipulation of parties to the suit.

7. SAME—*fact that act as passed contains sections having the same numbers as those stricken out is not material.* The fact that an act as finally passed contains sections having the same numbers as certain sections which were stricken out of the bill by amendment does not affect the validity of the act, as the numbering of the different provisions of a bill and designating them as sections is merely a matter of convenience, and the striking out of certain sections merely changes the numbering of the sections remaining.

8. SAME—*the Certiorari law of 1909 does not provide a method for reviewing judgments.* The fact that the constitution may limit the methods for reviewing judgments of the Appellate Court to appeals and writs of error does not render unconstitutional the provision of the Practice act of 1909 making judgments of the Appellate Court final in certain cases unless the Supreme Court shall grant a writ of *certiorari,* since the application for the writ of *certiorari* is not intended as a review of the judgment, but to enable the Supreme Court to determine whether the case is such that the judgment should be reviewed, and if the application is granted to bring up the record the review is by writ of error.

9. SAME—*Certiorari law of 1909 not invalid as introducing into Practice act a subject not within the title.* The amendment of 1909 (Laws of 1909, p. 304,) to sections 121 and 122 of the Practice act of 1907, the title to which was, "An act in relation to practice and procedure in courts of record," did not introduce into the Practice act a subject not within its title, as the writ of *certiorari,* to which the amendment relates, is within the meaning of the words "practice and procedure."

10. SAME—*repealed section, or section as it existed before the amendment, need not be printed in the amendatory act.* It is not necessary that a repealed section, or a section as it existed before the amendment, shall be inserted at length in the amendatory act, but only that the complete section as amended shall be printed in full, in order that one may know, by reading it, what the law is.

11. SAME—*Certiorari law of 1909 is not discriminatory because no bond is required.* The Certiorari law of 1909 is not unconstitutional, as discriminating between parties, because a bond is required in case a party appeals, whereas no bond is required if the application for the writ of *certiorari* is granted and the case reviewed as on writ of error, as the legislature may prescribe what terms it pleases in case of appeals, and the fact that bonds are required in case of appeals does not affect the validity of an act authorizing writs of error without bond.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURNS, Judge, presiding.

FOSTER, PAINE, REYNOLDS & SASS, BERT J. WELLMAN, and ARTHUR A. HOUSE, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, (JOHN BARTON PAYNE, and JOHN D. BLACK, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Tillie Freitag, recovered a judgment in the superior court of Cook county against the defendant in error, the Union Stock Yard and Transit Com-

pany, for damages resulting from personal injuries sustained while upon the tracks of the railroad owned by the defendant in error. An appeal was taken to the Appellate Court for the First District, and the appeal was heard in Branch "B" of that court. The judgment was reversed, with a finding of fact that the defendant in error was not guilty of the negligence charged against it in the declaration, and the cause was not remanded. The plaintiff in error filed her petition in this court for a writ of *certiorari* to bring the record to this court for review. The writ was denied, and afterward the writ of error in this case was sued out by plaintiff in error to obtain a review of the judgment of the Appellate Court. A *scire facias* to hear errors was served upon the defendant in error, and it appeared and made a motion to dismiss the writ for want of jurisdiction. The decision of the motion was reserved to the final hearing, and the motion was argued and taken upon the submission of the cause.

The right to sue out a writ of error from this court is claimed on the ground that the act of 1909, (Laws of 1909, p. 304,) making judgments of the Appellate Court final unless a majority of the judges of that court grant a certificate of importance and an appeal, or this court shall require, by *certiorari* or otherwise, the case to be certified to this court for review, is invalid because it was not enacted in accordance with the requirements of the constitution. After the decision of the case in the Appellate Court, and while a petition for rehearing was pending, the plaintiff in error obtained leave to attach to the transcript of the record in that court, the published volumes of the journals of the General Assembly for the purpose of establishing that claim. These journals did not relate to any matter pending in that court or to any question before the court, but were annexed to the transcript for the purpose of proving the claim that the act was not passed in accordance with the requirements of the constitution and therefore a writ

of error might be sued out of this court. The counsel for
the plaintiff in error have abstracted these exhibits so far
as they relate to the act in question and appended the
same to the abstract of the record. To consider these ex-
hibits as evidence of the facts alleged would be an exer-
cise of original jurisdiction, and the jurisdiction of this
court is solely appellate, except in cases relating to the reve-
nue, *mandamus* and *habeas corpus.* The provision of the
constitution does not mean that appellate jurisdiction is
conferred upon this court in all cases except those in which
it has original jurisdiction, but it means that in all cases,
other than those in which the court is given original juris-
diction, its jurisdiction, whether derived immediately from
the constitution or from an act of the General Assembly, is
an appellate jurisdiction, only. (*Chicago and Alton Rail-
road Co.* v. *Fisher,* 141 Ill. 614.) The constitution pre-
serves to this court appellate jurisdiction over judgments of
the Appellate Court in criminal cases and cases involving a
franchise, a freehold or the validity of a statute, and except
in those cases appellate jurisdiction is conferred by act of
the General Assembly, which may withhold such jurisdic-
tion and make the judgments of the Appellate Court final.
(*Kerfoot* v. *Cromwell Mound Co.* 115 Ill. 502; *Lake Shore
and Michigan Southern Railway Co.* v. *Richards,* 152 id.
59.) In the exercise of appellate jurisdiction the court can
not receive evidence of facts not before the court whose
judgment is being reviewed and can only receive evidence
while exercising original jurisdiction. The validity of the
act could only be questioned in this court on the ground
alleged, in some proceeding in which the court has jurisdic-
tion to try issues of fact, and the contents of the journals
of the General Assembly must be proved like any other fact.
(*Spangler* v. *Jacoby,* 14 Ill. 297; *Devine* v. *Fish Furniture
Co.* 258 id. 389.) The journals have no relation to any
question before the Appellate Court or to the decision of

that court and can have no influence in determining whether the judgment was correct or not.

In the exercise of appellate jurisdiction this court may decide matters of fact in issue between the parties under recognized rules of practice, such as an alleged release of errors or whether the Statute of Limitations has barred a writ of error, and for the apparent purpose of raising such a question the assignment of errors contains alleged facts claimed to be shown by the journals, and to prove that the act in question was not passed in accordance with the requirements of the constitution and is therefore void and of no effect, so that the plaintiff in error may maintain the writ. It is sometimes necessary for a plaintiff in error to allege in the assignment of errors facts showing his right to a writ of error, as in a case where his interest does not appear from the record, and for the purpose of showing his relation to the suit he is required to allege facts showing his interest. (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *Winne* v. *People,* 177 id. 268.) The assignment of errors stands as the declaration of the plaintiff in error, and a joinder in error, which has the effect of a demurrer, does not put in issue the facts alleged and therefore they stand admitted. If it should be conceded that the matters of fact alleged in the assignment of errors are properly alleged as the basis for an issue of fact concerning the right of the plaintiff in error to prosecute the writ, the rule that the facts alleged are admitted unless controverted by the defendant in error cannot be applied in this case, for the reason that the constitutionality of a public law cannot be determined upon the admission or stipulation of the parties to a suit, which might lead to the abrogation of a statute by agreement. (*Happel* v. *Brethauer,* 70 Ill. 166; *Nakwosas* v. *Western Paper Stock Co.* 260 id. 172.) The court could only determine the truth of the facts pleaded from evidence heard by the court or presented in some manner directed by the court. The plaintiff in error has not proved,

or offered to prove, the facts alleged according to any recognized practice and we cannot regard them as established.

The plaintiff in error has not, however, suffered any loss by failure to make proof of the facts alleged. One allegation is, that several amendments were made to the bill in the senate but the senate amendments were never printed in either house. The bill originated in the house of representatives, where it was amended and passed. When the bill was in the senate various amendments were made, after which, on May 9, 1907, the journal shows the following: "The question then being, 'Shall the bill be ordered to a third reading and the amendments printed?' it was decided in the affirmative." On May 10, 1907, the journal shows that the bill, having been printed, was taken up and read at large a third time, and the question being, "Shall this bill pass, together with the senate amendments thereto?" it was decided in the affirmative. The allegation is disproved by the journal. The house afterwards concurred with the senate in the amendments.

A fact which it is claimed renders the act void appears from the journals and consists in the striking out by the senate of certain sections by amendment, and when the bill was presented to the Governor and signed there were sections of the same numbers in the bill. The sections stricken out by the senate were numbered 32, 53, 74 and 98, and the bill as presented to the Governor was numbered in consecutive sections and contained the same numbers. It is claimed that the act is void because sections with the same numbers as those stricken out when the bill was pending now appear in the act. The different provisions of an act are numbered merely for convenience, and numbers with the word "section," or the mark "§" indicating section, are not part of the act. The numbering is a purely artificial and unessential arrangement, resorted to for the purpose of convenience, only, to indicate the distinct parts of the act. (*In re Estate of Bull,* 153 Cal. 715.) When the act

is finally passed, sections are numbered consecutively. No act is ever passed where the sections are not so numbered. Sections stricken out simply change the numbering of the sections remaining, and the fact that there were sections bearing the same numbers as those stricken out before the bill became a law does not in any manner affect the validity of the act.

It is urged, however, that, aside from the question of fact as to the method in which the act was passed, it is void because in conflict with various provisions of the constitution, and as the. question did not arise until it was sought to obtain a review by this court a writ of error will lie to bring it before this court. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) The constitution, by section 11 of article 6, gives power to the General Assembly to·provide for review by this court of the judgments of the Appellate Court by appeal or writ of error, and counsel say that the General Assembly cannot devise any other method of review. The act making judgments of the Appellate Court final unless this court, by *certiorari* or otherwise, shall require the record to be brought to this court for review does not contemplate a review of. the judgments by *certiorari*. The application for a writ is to enable this court to determine whether the case is of such a character that the judgment ought to be reviewed, and if the writ is awarded to bring the record here, the review is by writ of error. Our rule found in Vol. 242 of the reports of decisions was carefully framed under the act, in accordance with that view. It provides for docketing the petition for the writ in the name of the petitioner, against the respondent, but if the writ is granted the case is then docketed as in any other case of a writ of error. As a transcript must be filed with the petition it is not necessary to send the writ to the clerk of the Appellate Court, but the transcript filed is to be taken and considered as a due return to the writ and a *scire facias* to hear errors is to, be issued for all de-

fendants in error of whom the court has not obtained juris-
diction by an appearance in opposition to the petition.

· Another proposition of counsel is that the writ of *cer-
tiorari* was not within the scope of the Practice act of 1907
or contemplated by sections 121 and 122 of that act, and
therefore the provisions of the act of 1909 amending such
sections are void. The title of the act of 1907 was, "An
act in relation to practice and procedure in courts of rec-
ord," and writs of *certiorari* have always been in use in
the practice and procedure of courts of record for the pur-
pose of bringing up records of inferior courts and tribunals.
Such writs come within the term "practice and procedure,"
and the amendments did not introduce into the act anything
not embraced in the title.

As we understand counsel, it is also claimed that the act
is void because section 119, which was repealed, and sec-
tions 121 and 122, were not printed at length in the amend-
atory act as they existed before the amendment. · There is
no requirement of the constitution that a repealed section
or a section as it existed before amendment shall be again
printed in the amendatory act, but it is required that the
complete section as amended shall be printed, in order that
one may know, by reading it, what the law is.

It is further argued that the provision for review by
*certiorari,* alone, is unconstitutional because it discriminates
between parties, and the basis for that argument is, that if
the Appellate Court grants an appeal a bond is required,
and in case a writ of *certiorari* is allowed by this court the
case comes here by writ of error without a new bond. It
is not contended that there is any discrimination between
different litigants applying for writs of *certiorari,* and evi-
dently that is so, because upon the granting of the writ any
judgment rendered in any Appellate Court is stayed. The
General Assembly may provide for appeals upon any terms
·deemed wise and proper, and the fact that in all cases of
appeals from all courts a bond is required does not affect

the validity of an act authorizing writs of error without such a bond.

We have no jurisdiction to review the judgment of the Appellate Court for any alleged error, and therefore the motion to dismiss the writ of error is allowed and the writ dismissed.

*Writ dismissed.*