SIDNEY W. WORTHY, Defendant in Error, *vs.* EDWARD HALE BUSH, Trustee, Plaintiff in Error.

*Opinion filed February 21, 1914—Rehearing denied April 22, 1914.*

1. COURTS—*Supreme Court will not take judicial notice of the journals of legislature.* The question whether an act was properly passed is a matter of fact which must be proved by the party attacking the validity of the act, and for this purpose the journals of the house and senate are admissible in evidence, but the Supreme Court will not take judicial notice of the contents of such journals.

2. CONSTITUTIONAL LAW—*when question of constitutionality of statute cannot be determined.* The rule permitting the Supreme Court to consider a constitutional question not raised in the trial court where the question does not arise until the case reaches the Supreme Court is limited to cases where such question arises upon the record, and does not extend to a case where the question depends upon a determination of facts which must be established in the Supreme Court by evidence outside of the record. (*Clowry* v. *Holmes,* 238 Ill. 577, distinguished.)

3. The objection that the Certiorari law was not properly passed has been decided adversely to the contention of plaintiff in error in *Freitag* v. *Union Stock Yard and Transit Co.* (*ante,* p. 551.)

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding.

RICHARD H. PETERSON, for plaintiff in error.

CLARK M. CAVENEE, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Sidney W. Worthy commenced an action in the municipal court of Chicago against Edward Hale Bush, trustee, and had a verdict in that court for $3757.99. The plaintiff entered a *remittitur* of $42.62 and judgment was rendered for $3715.37. The defendant was allowed sixty days to present a bill of exceptions. Two days before the expiration of the time an order was entered allowing defendant an extension of fifteen days to file his bill of exceptions. The time allowed by the extension expired June 7. The bill of exceptions was not filed until June 9. The defendant prosecuted an appeal to the Appellate Court, which said appeal was dismissed by the Appellate Court for the First District. (*Worthy* v. *Bush*, 159 Ill. App. 378.) Bush then sued out a writ of error from the Appellate Court. While the case was pending in the Appellate Court on the writ of error Worthy entered his motion to strike the transcript of the evidence from the record on the ground that it was not filed in the municipal court within the time fixed by the order extending the time for filing same, and this motion was sustained. (*Worthy* v. *Bush*, 160 Ill. App. 70.) The case was then submitted to the Appellate Court, and that court affirmed the judgment below, the grounds of the decision being the failure of Bush to comply with the rules of the court in regard to filing an abstract of the record. At the February term, 1913, Bush filed a petition in this court for a writ of *certiorari*, which was duly considered at said term and denied. The present writ of error was then sued out of this court to the Appellate Court for the purpose of bringing up the record for review.

The ground upon which plaintiff in error seeks to avail himself of a writ of error is that the so-called Certiorari law is unconstitutional and void. He attacks the validity of that act on two grounds: First, he contends that the act is void because the amendments thereto were not printed

before the bill was put upon its final passage, as required by the constitution; and second, he contends that the act that was signed by the Governor was not the same act that was passed by the legislature. In order to present his contentions on this point the plaintiff in error has attached copies of the house and senate journals of 1907 and the senate journal of 1909 to the record, and has appended to his abstract, as "Exhibit A" and "Exhibit B," excerpts from said journals which he claims sustain his contentions. It will thus be seen that plaintiff in error is attempting to incorporate into the record and have considered by this court questions of fact not properly in the record. In order to decide the questions raised by plaintiff in error it would be necessary for this court to hold that it will take judicial notice of the contents of the journals of the legislature. To do this it would be necessary for this court to reverse a long line of decisions, beginning with *Spangler* v. *Jacoby,* 14 Ill. 297, and coming down to *Devine* v. *Fish Furniture Co.* 258 id. 389, which establish the rule that whether a statute was passed by the General Assembly in compliance with the constitutional requirements is a matter of fact which must be proved by the party attacking the validity of the act, and that for this purpose the journals of the General Assembly may be introduced in evidence. It has never been the doctrine of this court that judicial notice will be taken of the contents of these legislative journals. If we cannot take judicial notice of the contents of the house and senate journals, then the question which plaintiff in error attempts to raise is not properly presented and cannot be determined.

It is said by plaintiff in error that the rule which precludes the raising of a constitutional question in the Supreme Court which was not raised in the trial court has no application to the case at bar, where the constitutional question could not be raised until the case reached this court,

and *Clowry* v. *Holmes*, 238 Ill. 577, is relied upon to support this contention. The question in the *Clowry case* was the constitutionality of paragraph 3 of section 23 of the Municipal Court act, (Hurd's Stat. 1908, p. 674,) which provided that if, upon application to the Supreme Court or Appellate Court, or to any judge thereof, for a *supersedeas,* the same shall be denied, such order or judgment shall stand affirmed, and no further proceedings shall be had in said Supreme or Appellate Court with respect thereto unless the Supreme Court or Appellate Court, or the judge denying such *supersedeas,* shall otherwise order, etc. This court held the paragraph above referred to unconstitutional on the ground that it was an attempt to regulate the practice in the Appellate Court and not in the municipal court, and that the said paragraph was in violation of section 29 of article 6 of the constitution, requiring laws governing the practice of the Appellate Court to be uniform. But that case has no application to the situation presented in the case at bar. There the constitutional question arose out of the record and did not depend upon the determination of facts which had to be established by evidence *dehors* the record.

At the present term of court an opinion has been filed in *Freitag* v. *Union Stock Yard and Transit Co.* (*ante,* p. 551,) in which the same questions are discussed that are sought to be raised in this case. This court there examined the complaint urged against the validity of the Certiorari act and held that the act was properly passed.

The writ of error will be dismissed.

*Writ dismissed.*