THE CITY OF MARION, Appellee, *vs.* WILLIAM H. CAMPBELL *et al.* Appellants,

*Opinion filed December 16, 1914—Rehearing denied Feb. 3, 1915.*

CONSTITUTIONAL LAW—*provision requiring section amended to be inserted in the new act construed.* Section 13 of article 4 of the constitution, providing that no law shall be revived or amended by reference to its title, only, but the law revived or the section amended shall be inserted at length in the new act, has reference to the section as amended and not to the section as it was before amendment. (*Freitag* v. *Union Stock Yard Co.* 262 Ill. 551, followed.)

APPEAL from the County Court of Williamson county; the Hon. WILEY F. SLATER, Judge, presiding.

GEORGE W. YOUNG, for appellants.

R. R. FOWLER, City Attorney, HOSEA V. FERRELL, and PILLOW & STONE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 27, 1914, the city council of the city of Marion passed an ordinance providing for paving the streets of district No. 9, in said city. A petition for the levy of a special assessment to pay the cost of the improvement was filed in the county court of Williamson county. An assessment

was levied, and upon application for confirmation of the assessment thirty-one property owners filed objections, which were overruled by the court and the assessment was confirmed. Eight of the objectors prosecuted this appeal.

All objections have been waived by appellants, both in printed argument and at the bar of the court, except the single one that the ordinance for the improvement is null and void because based upon a statute which violates the constitutional provision concerning the printing of acts when amended. The proceeding was under and by virtue of the Local Improvement act in force July 1, 1897, (Laws of 1897, p. 102,) with the numerous amendments which had been added from time to time, the most extensive amendment being in 1901, when thirty-five sections were amended. Whenever an amendment was made the section or sections as amended were inserted at length in the new act but the section or sections as they existed before the amendment were not so printed. The constitutional provision is contained in section 13 of article 4, and is as follows: "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act.".

The learned counsel for the appellants contends that upon making an amendment to a statute the constitution requires the section amended to be inserted at length in the new act as it was prior to the amendment, and that the requirement is not limited to the printing of the amended section. He argues with much force that as the constitution simply requires the section amended to be inserted in the new act and does not use either the words "as amended" or "so amended," the language applies equally to the section before and after the amendment. We cannot agree with counsel in that view when the purpose of the constitutional provision is considered. The reason for the requirement and the mischief to be remedied were first stated in *People* v. *Wright,* 70 Ill. 388, where this court quoted from and

endorsed the reasoning of the Supreme Court of Michigan in *People* v. *Mahoney,* 13 Mich. 384, that the mischief designed to be remedied was the enactment of amendatory statutes in forms so blind that the legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. It was said that an amendatory act which purported only to insert certain words or to substitute one phrase for another in an act or section which was only referred to but not re-published was well calculated to mislead the careless as to its effect and was perhaps sometimes drawn in that form for that purpose. The view of the court was that the provision was inserted in the constitution to enable one, by looking at the amended act, to understand intelligently what the existing law is. That object would not be accomplished by showing what the law was before it was changed, and that could be the only purpose of printing the section as it was before amendment. Every beneficial result of the constitutional provision that has been suggested is accomplished by printing an amended section in full, so that the citizen bound to obey the law may know what the law is without looking at the old law and applying changes to find out by what provisions of the law he is governed. There have been numerous cases since the one above referred to in which the purpose of the constitutional provision has been recognized as stated in that case, and the identical question was decided contrary to the view now insisted upon, in the case of *Freitag* v. *Union Stock Yard Co.* 262 Ill. 551.

The judgment is affirmed.                    *Judgment affirmed.*