JOSEPH H. STRONG, Admr.

*v.*

WILHELM PETERS *et al.*

*Opinion filed October 24, 1904—Rehearing denied December 8, 1904.*

APPEALS AND ERRORS—*legal interest in suit is essential to right to writ of error.* The right to sue out a writ of error to reverse a decree holding that the title to certain real estate had passed entirely from the owner prior to his death instead of descending to his heirs rests in the heirs, and not in the administrator of the deceased.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

A motion has been made to dismiss the writ of error heretofore sued out herein by Joseph H. Strong, administrator of the estate of Frederick Koss, deceased, which motion has been reserved to the hearing.

It appears from the record that on the 30th day of April, 1894, Frederick Koss, the intestate of the plaintiff in error, filed his bill in chancery in the circuit court of Cook county against Minna Koepcke and Charles Meister, wherein it was averred that said Frederick Koss, at the March term, 1881, of the said circuit court, recovered a judgment against one Louis Koss in an action at law for the sum of $6000; that on November 2, 1882, an execution was issued thereon, directed to the sheriff of Cook county, which execution was levied upon lot 10 of the subdivision of the west half of block 28, in canal trustees' subdivision of section 5, township 39, range 14, east of the third principal meridian, Cook county, Illinois, which premises, on February 12, 1883, were sold, by virtue of said execution, to said Frederick Koss, and said Frederick Koss received a sheriff's deed therefor on May 19, 1884, which deed was recorded; that at the time said action at law was commenced and at the time of said execution sale said premises were occupied by said Louis Koss and

family as a homestead, and were worth not to exceed the
sum of $1000; that prior to the recovery of said judgment,
and on June 1, 1876, said Louis Koss and wife conveyed said
premises to their son, Frederick C. L. Koss, by warranty
deed, which said deed was recorded, in which deed the said
grantors did not waive or release their homestead; that on
April 5, 1878, said Frederick C. L. Koss and wife conveyed
said premises to Henry Rabe, which deed was recorded, and
that on or about said 5th day of April, 1878, said Henry
Rabe conveyed said premises to Christina Koss, the wife of
Louis Koss, which deed was recorded; that said Louis Koss
and wife continued to reside upon said premises until, the
death of the survivor of them; that Louis Koss and Fred-
erick C. L. Koss both died prior to the year 1892; that May
25, 1892, Christina Koss died; that by her will said Chris-
tina Koss devised said premises to her sister, Minna Koepcke,
in fee, and nominated Charles Meister her executor; that
said will was admitted to probate and Meister qualified as
executor. It was further averred that said conveyances were
made without consideration and for the purpose of hindering
and delaying the said Frederick Koss in the collection of his
lawful demands against said Louis Koss, and the bill prayed
that said conveyances and the probate of said will be set aside
and canceled as clouds upon the title of Frederick Koss, and
that he be decreed to be the owner of said premises by virtue
of said execution sale and sheriff's deed.

It was subsequently discovered that said Minna Koepcke
was dead at the time said bill was filed, and the bill was
amended and the heirs of Minna Koepcke were brought in
as parties defendant to said bill. Answers and replications
were subsequently filed by said heirs and Frederick Koss.
During the pendency of the said suit the heirs of Minna
Koepcke, deceased, filed a bill for partition of said premises in
the said circuit court and made said Frederick Koss a party
defendant, and sought to set aside and cancel said sheriff's
deed held by him upon said premises as a cloud upon their

title. Said Frederick Koss filed an answer, to which a replication was filed, and Frederick Koss filed a cross-bill, in which he set up the same facts set forth in his original bill and prayed the same relief. A cross-bill was also filed by the heirs of Minna Koepcke, deceased, in the suit commenced by Frederick Koss, praying the same relief sought by them in their original bill. The issues in both of said causes being made up, the court entered an order consolidating the cases, and referred the same to a master to take the proofs and report his conclusions. On the coming in of the master's report a decree was entered dismissing the original and cross-bills of Frederick Koss and granting the prayer of the original bill of the heirs of Minna Koepcke for the partition of said premises between said heirs. On the 28th day of September, 1902, and after the entry of said decree, Frederick Koss died, and on March 5, 1904, said Joseph H. Strong, as administrator, was substituted as a party in said consolidated case in his stead.

DICKINSON & HAREMSKI, for plaintiff in error.

WILLIAM VOCKE, and WILLIAM MANNHARDT, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The objects of the original and cross-bills filed by Frederick Koss in the original suit commenced by Frederick Koss and the suit commenced by the heirs of Minna Koepcke, deceased, were to remove the conveyances made by Louis Koss and his grantees, and the probate of the will of Christina Koss, deceased, as clouds upon the title to said premises, held by him by virtue of said execution sale and sheriff's deed. In the decree rendered in the consolidated case the circuit court held that the premises in question, at the time of the rendition of said judgment and at the time of said execution sale, were occupied by Louis Koss and wife as a homestead;

that at the time of the execution sale they were not worth to exceed $1000; that the judgment of Frederick Koss, by reason of that fact, was not a lien thereon; that the same were not subject to sale on execution; that said execution sale and sheriff's deed were void; that the judgment of Frederick Koss not being a lien upon said premises, Louis Koss had the right to place the title to said premises in his wife if he saw fit, and that the title to said premises having passed to her and being in her at the time of her death, it passed by virtue of her will to the heirs of Minna Koepcke, deceased, the said Minna Koepcke being the sole devisee of said Christina Koss, deceased. If said judgment became a lien on said premises, (which question we do not determine,) the execution sale divested such judgment lien, and upon the execution of a sheriff's deed to Frederick Koss the title to said premises vested in him subject to the homestead right of said Louis Koss and his wife, and upon the extinguishment of said homestead right by their death, or otherwise, the fee title to said premises became vested absolutely in Frederick Koss, and upon the death of said Frederick Koss such title descended to and became vested in his heirs and not in his administrator, and the appellant, as administrator of Frederick Koss, deceased, by virtue of his appointment, took no title to said premises and had no interest in the subject matter involved in said suits as consolidated. A party, only, who has a legal interest in the subject matter of a suit can sue out a writ of error to reverse a decree entered therein. The cases, after consolidation, differed in no particular from any other bill in chancery filed for partition and to remove a cloud. A writ of error therefore will not lie on behalf of said administrator to review said decree, such right to review being in the heirs of Frederick Koss, deceased.

The writ of error must therefore be dismissed.

*Writ dismissed.*