(No. 13360.—Judgment affirmed.)

THE PEOPLE *ex rel.* The County of Peoria, Defendant in Error, *vs.* THE ESTATE OF MICHAEL HARRIGAN, Deceased.—(CHRISTOPHER HARRIGAN *et al.* Plaintiffs in Error.)

*Opinion filed June 16, 1920—Rehearing denied October 12, 1920.*

1. PRACTICE—*briefs should not contain discussion of matters not before the court.* Counsel should not in their briefs discuss matters that are not before the court, as such practice and the citation of authorities that are not in point tend to confuse the issues and make unnecessary labor for the court in determining the real issues.

2. APPEALS AND ERRORS—*who is entitled to sue out a writ of error.* As a general rule a writ of error must be sued out in the name of the parties to the action in the lower court, and to entitle a person to sue out a writ of error he must be a party or a privy to the record, or be one who is injured by the judgment or who will be benefited by its reversal, or is competent to release errors.

3. SAME—*legatees are entitled to review judgment for unpaid taxes against estate.* Legatees who are entitled to all of the testator's property after the payment of debts are entitled to a writ of error to review a judgment of the circuit court dismissing their appeal from an order of the probate court allowing a claim for unpaid taxes against the estate.

4. SAME—*interest of parties suing out a writ of error must appear from record or be alleged in assignment of errors.* Before parties can sue out a writ of error their interest must appear from

the record, and if they are parties to the record their interest sufficiently appears without an allegation of interest, but if their interest does not appear from the record it must be alleged in the assignment of errors so as to show their relation to the suit.

5. SAME—*facts stated in assignment of errors are admitted by joinder in error.* An assignment of errors stands as the declaration of parties suing out a writ of error, and a joinder in error has the effect of a demurrer and admits the facts alleged in the assignment of errors, in the absence of a special plea denying them.

6. SAME—*when case may be reviewed by direct writ of error from Supreme Court as involving revenue.* Review of a judgment of the circuit court dismissing an appeal from an order of the probate court allowing a claim for unpaid taxes against an estate may be obtained by a direct writ of error from the Supreme Court, as the case is one relating to the revenue.

7. SAME—*when order dismissing appeal to circuit court must be affirmed.* An order of the circuit court dismissing an appeal from an order of the probate court for failure to comply with a rule extending the time to file a good and sufficient appeal bond must be affirmed where, so far as the record shows, the ruling was right.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

MANSFIELD & COWAN, for plaintiffs in error.

C. E. McNEMAR, State's Attorney, (DAN R. SHEEN, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by Christopher Harrigan and Maggie Harrigan, as surviving legatees under the last will and testament of Michael Harrigan, deceased, to review an order of the circuit court of Peoria county dismissing an appeal from an order of the probate court allowing a claim for unpaid taxes against the estate of Michael Harrigan.

This suit was a simple proceeding to collect unpaid back taxes assessed against Michael Harrigan in his lifetime, but it seems to have been decidedly prolific in its production of thrifty litigation. The case in one form or another has

been before this court three times, (*Heinrich* v. *Harrigan,* 288 Ill. 170, 291 id. 294, and *People* v. *Harrigan,* 291 id. 206,) and before the Appellate Court on another question. This will be the fifth review in an appellate court on side issues. Counsel for defendant in error use much of their brief in making complaint of the delay occasioned by all this litigation, but the courts cannot be expected to settle the case on its merits until counsel get the question before the courts. The discussion of matters that are not before the court simply tends to confuse the issues and makes much unnecessary labor for the court in its attempt to determine the issues that are in fact presented. Citation of authorities that do not touch the points before the court confuse the issue and waste the time of the court.

It is first contended by defendant in error that this writ of error should be dismissed because plaintiffs in error have no authority to prosecute the cause. As a general rule a writ of error must be sued out in the name of the parties to the action in the lower court. (*Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald,* 150 Ill. 394; *Wuerzburger* v. *Wuerzburger,* 221 id. 277.) To entitle a person to sue out a writ of error he must be a party or a privy to the record, or be one who is injured by the judgment or who will be benefited by its reversal, or is competent to release errors. (*McIntyre* v. *Sholty,* 139 Ill. 171; *Anderson* v. *Steger,* 173 id. 112; *Granat* v. *Kruse,* 213 id. 328; *People* v. *O'Connell,* 252 id. 304; *People* v. *Lower,* 254 id. 306; *People* v. *Harrigan, supra.*) The order of the circuit court dismissing the appeal amounted to an affirmation of the order of the probate court awarding the claim of the county. According to the allegations in their assignment of errors, plaintiffs in error are entitled, as legatees under the will of their deceased brother, to all of his property that remains after the payment of his debts. If any unjust or illegal claims are allowed against the estate of Michael Harrigan plaintiffs in error would be dam-

aged to that extent. They would be benefited by a reversal of the judgment of the circuit court, and they are therefore entitled to sue out this writ of error to review that judgment. Before they can prosecute the writ of error their interest in the suit must appear in the transcript of the record or be alleged in the assignment of errors. If a writ of error is prosecuted by one who is a party to the record his interest sufficiently appears without an allegation of interest, but if he is not a party and his interest does not appear from the record it must be alleged in the assignment of errors so as to show his relation to the suit. (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *Winne* v. *People,* 177 id. 268; *Scott* v. *Great Western Coal Co.* 223 id. 271.) Plaintiffs in error allege in their assignment of errors "that the said Michael Harrigan died testate on October 8, 1911, leaving a last will and testament, which will was duly probated and admitted to probate in the probate court of Peoria county in the year 1911; that by the terms of said last will and testament of said Michael Harrigan, deceased, plaintiffs in error, Christopher Harrigan and Maggie Harrigan, and Kate Harrigan, now deceased, were made the sole and only legatees and devisees of said will of Michael Harrigan, deceased, and the said legatees and devisees by the terms and conditions of said will did receive, after the payment of the just debts of Michael Harrigan, deceased, all of the property of which the said Michael Harrigan died seized, both real and personal, to be divided among them equally, share and share alike." The assignment of errors stands as the declaration of the plaintiffs in error, and a joinder in error which has the effect of a demurrer does not put in issue the facts alleged, and therefore, without a special plea denying them, they stand admitted. *Freitag* v. *Union Stock Yard Co.* 262 Ill. 551.

It is further contended that there is no question of revenue involved in this proceeding and therefore the writ should not have been prosecuted from this court. It is true that

the questions involved here are purely questions of procedure, but the determination of these questions of procedure may terminate the whole litigation. In all cases relating to the revenue all writs of error must be prosecuted directly from this court. This case grows out of a claim filed in the probate court by the county of Peoria for the collection of unpaid taxes and is therefore one relating to the revenue. *Heinrich* v. *Harrigan, supra.*

It is first contended by plaintiffs in error that the circuit court had no authority to enter its order of October 5, because on October 4 Christopher Harrigan had been removed as executor of the estate of Michael Harrigan, deceased, and that therefore there was no one to represent the defendant estate in the circuit court at the time the order of dismissal was entered. A certified copy of the order of the probate court removing Christopher Harrigan was filed in the circuit court on the 5th day of October. By this order Christopher Harrigan was removed as executor and E. J. Galbraith, public administrator of Peoria county, was appointed to take charge of the estate. There is nothing in the abstract to show that Galbraith did not take charge of the estate *instanter,* and there is nothing to show that an appeal was taken from this order. So far as this record shows, Galbraith was the duly appointed and acting administrator of the estate of Michael Harrigan on the day the order was entered in the circuit court.

The order and judgment of the circuit court entered October 5 recites that both parties were in court by their respective counsel, and then continues: "This cause now coming on to be heard before the court upon the rule of said claimant heretofore entered herein, requiring the said defendant to file a good and sufficient appeal bond on this day, and upon the motion of said claimant for the court to dismiss the appeal from the probate court to this court by reason of a certain order and decree of said probate court appointing E. J. Galbraith, public administrator, as

executor of the estate of Michael Harrigan, deceased, in place of Christopher Harrigan, former executor; thereupon the court listened to the arguments of counsel, and having fully considered the same and being sufficiently advised in the premises doth sustain said motion and doth order that this appeal be and the same is hereby dismissed." According to the usual practice this order was probably prepared by counsel for defendant in error, and, while it is somewhat confusing, we think it fair to assume that the court dismissed the appeal for the estate's failure to comply with its rule of September 12 extending time to file a good and sufficient appeal bond.

Reference is made to the opinions heretofore filed for a complete statement of the facts in this case. The claim for unpaid taxes was allowed March 25, 1913. From this order the estate appealed to the circuit court, and a bond in the sum of $200 was approved by the probate judge and filed in the probate court April 11, 1913. January 16, 1918, the county entered its motion for rule on the estate to furnish a good and sufficient additional appeal bond, and in compliance with a rule entered on this motion an additional bond was filed January 18. September 9, 1918, the county moved to dismiss the appeal of the estate for failure to comply with the rule and to supply a good and sufficient appeal bond. This motion was denied, but the cross-motion of the estate for leave to file such a bond was allowed and it was ordered to file said bond by September 12. On that date an order was entered extending the time to file a good and sufficient appeal bond until September 18. No bond was filed on September 18 but on September 20 a bond was filed and approved by the clerk. These bonds are not abstracted and the court cannot pass upon their sufficiency. So far as the record shows, the order of October 5 dismissing the appeal was right. As the record now stands there is nothing before the court which demands a reversal of the judgment of the circuit court, and it is therefore affirmed.

*Judgment affirmed.*