(No. 16916.—Writ of error dismissed.)
ALBERT R. LELAND, Defendant in Error, *vs.* CHARLOTTE C. LELAND *et al.*—(CARL D. CASE, Plaintiff in Error.)

*Opinion filed December 16, 1925—Rehearing denied Feb. 4, 1926.*

1. APPEALS AND ERRORS—*who may sue out a writ of error.* To entitle a person to sue out a writ of error he must be a party or a privy to the record, or be one who is injured by the judgment or decree or who will be benefited by its reversal, or who is competent to release errors.

2. SAME—*writ of error in chancery is the same as at common law.* The right to sue out a writ of error having been extended to chancery causes by statute without restrictions, it is to be regarded the same as it existed at common law and should be given the same scope as at common law.

3. PARTIES—*when a third party may intervene in equity.* The right of a third party to intervene in a suit in equity is governed by the general rules of equity, and the interest which will entitle a third person to intervene must be an interest in the subject matter of the suit of such an immediate character that the intervenor will gain or lose by the direct legal operation of the decree.

4. DIVORCE—*co-respondent cannot sue out a writ of error.* In the absence of statutory authority, a co-respondent, interested only

as such, has no right, as a member of the general public or otherwise, to intervene in a suit between parties for a divorce, and has no right to sue out a writ of error to review a decree granting a divorce, notwithstanding the effect of the decree upon the co-respondent's reputation.

5. SAME—*the State, represented by the court, is a third party in divorce proceeding.* While a suit for divorce upon its face is a mere controversy between the parties to the record, yet the public occupies the position of a third party, and it is the duty of the State, represented by the court, to guard the relation in the conservation of the public morals, whatever attitude the parties to the suit may take.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

FREDERICK A. BROWN, and DELBERT A. CLITHERO, for plaintiff in error.

MILFORD H. OLDS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Albert R. Leland, filed in the superior court of Cook county his bill for divorce, charging that his wife, Charlotte C. Leland, had committed adultery with one Carl. A default on personal service was entered in the cause and a hearing was had before the judge of the superior court to whom the case had been assigned. On that hearing it was developed that the person named as Carl in the bill of complaint was plaintiff in error, Carl D. Case. After the hearing, and before a decree was entered, Case filed in the cause a sworn petition for permission to appear as *amicus curiæ,* in which petition he denied that he had ever at any time been guilty of adultery with Mrs. Leland. The court refused to appoint Case as *amicus curiæ* but did appoint Frederick A. Brown as such and re-opened the case. Mrs. Leland, being subpœnaed as a witness by *amicus curiæ,*

appeared in person and by an attorney. A full hearing was then had before the court, at which hearing Case testified, and denied that he had ever had any improper relations with Mrs. Leland, while she testified to her own guilt and called five witnesses in her effort to substantiate the claim made by her husband. It was the contention of Case and *amicus curiæ* that Mrs. Leland was suffering from delusions and hallucinations, and many witnesses were offered, both expert and lay, upon this question. The trial court, after hearing the evidence and seeing the witnesses, found that defendant in error was not entitled to a divorce and dismissed the bill for want of equity. From the decree dismissing the bill for want of equity defendant in error appealed to the Appellate Court for the First District, where the decree of the superior court was reversed and the cause remanded to that court, with directions to enter a decree as prayed for in the bill of complaint. Case thereupon sued out of this court a writ of error, making Mrs. Leland co-plaintiff in error. In this court, upon motion, a severance was had, Case remaining as sole plaintiff in error, while Mrs. Leland filed a brief in support of the finding of the Appellate Court.

The first question which naturally presents itself in this case is whether or not plaintiff in error has a right, under the laws of the State of Illinois, to prosecute this writ of error. There is no statute in this State giving him such right. It has been held by this court that to entitle a person to sue out a writ of error he must be a party or a privy to the record, or be one who is injured by the judgment or who will be benefited by its reversal, or is competent to release errors. (*People* v. *Harrigan,* 294 Ill. 171; *People* v. *Lower,* 254 id. 306; *People* v. *O'Connell,* 252 id. 304.) Plaintiff in error was not a party to the divorce proceedings, a privy to the record or a person competent to release errors in the divorce case. It is claimed by him, however, that he is a person who was injured by the decree and

therefore entitled to prosecute a writ of error. In *Wightman* v. *Yaryan Co.* 217 Ill. 371, it was held that the right of a third party to intervene in a suit in equity is governed by the general rules of equity, and that the interest which will entitle a third person to intervene must be an interest in the subject matter of the suit of such an immediate character that the intervenor will gain or lose by the direct legal operation of the decree. In *White Brass Castings Co.* v. *Union Metal Manf. Co.* 232 Ill. 165, it was held that the prejudice which will authorize the suing out of a writ of error must be such that the person suing out the writ takes or loses something directly by the judgment or decree. In *Strong* v. *Peters,* 212 Ill. 282, it was said: "A party, only, who has a legal interest in the subject matter of a suit can sue out a writ of error to reverse a decree entered therein." In the present case the subject matter of the litigation was the marital relations existing between defendant in error and his wife, Charlotte, in which subject matter plaintiff in error had no interest. The only direct result of a decree entered in favor of defendant in error in the cause would be a severance of those relations. Whether or not defendant in error and his wife remain husband and wife or whether they shall be divorced is a matter in which plaintiff in error can have no direct interest or concern. It is true that he may be injured in his reputation by the evidence in the case or by the finding of the court upon which the decree is based, but such injury is not the direct result of the decree itself.

It is contended by plaintiff in error that he has the right to prosecute this writ of error for the reason that he is named as co-respondent in the divorce proceedings. While in England and in some of the States in this country a co-respondent is given such right by statute, such is not the case in this State. A writ of error was a writ of right at common law, and that right having been extended to chancery causes by our statute without restrictions, it is to be

regarded the same as at common law and should be given the same scope as at common law. (*Anderson* v. *Steger,* 173 Ill. 112.) Prior to 1858, from a very remote period in England, the ecclesiastical tribunals had exclusive jurisdiction over divorces, except that divorces *a vinculo matrimonii* were occasionally granted by special acts of parliament, and under the practice in the English ecclesiastical courts intervention by the co-respondent charged with adultery was not allowed. (Ann. Cas. 1913E. 431.) In 1857 by act of parliament, in effect in 1858, the jurisdiction of the ecclesiastical courts over divorces was transferred to a court called the "court for divorce and matrimonial causes." Under this act the petitioner for a divorce was required to make the co-respondent a party where the ground was adultery of the wife, or the court could require this to be done where the action was by the wife. In 1907 it was enacted that the person charged with adultery was given the right to intervene in all instances. By statute in New York it has been provided that a co-respondent named in an action for divorce on the ground of adultery may appear in person or by attorney and defend at any time before judgment. There is no such statutory provision in this State. In 9 Ruling Case Law, 408, it is said: "In this country it is held that in the absence of statute the co-respondent has no right to intervene in order to protect his or her reputation." In 19 Corpus Juris, 99, it is said: "Unless authorized by statute the person charged as *particeps criminis* with defendant in an act of adultery upon which the suit is based cannot intervene to protect his character." In the absence of statutory authority we are constrained to hold that a co-respondent, as such, has no right of intervention in a suit between third parties for divorce. Neither has plaintiff in error a right to intervene in this case by reason of his being a member of the general public. Marriage is a civil contract, to which there are three parties: the husband, the wife and the State; and while a suit for

divorce upon its face is a mere controversy between the parties to the record, yet the public occupies the position of a third party, and it is the duty of the State, in the conservation of the public morals, to guard the relation. (*Way* v. *Way,* 64 Ill. 406.) In Christian nations marriage is not treated as a mere contract between parties, to be suspended or dissolved at their pleasure, but rather as a status based upon public necessity and controlled by law for the benefit of society at large. The interests of society are so involved in proceedings to dissolve the marriage relation that the public is interested in such proceedings to a greater degree than in ordinary civil actions, and the court will regard such interest whatever attitude the parties to the suit may take. (*People* v. *Case,* 241 Ill. 279.) The corespondent is not a representative of the public and has no right to intervene for the protection of the rights of the public. In England by law the queen's proctor is permitted, under the direction of the Attorney General and by leave of the court, to intervene in divorce suits for the purpose of preventing collusion. (23-24 Vict. chap. 144.) Some of the States of this country have passed statutes giving to representatives of the State the power to intervene, or appoint officers to represent the State on the hearing of divorce actions, among which are Georgia, Indiana, Michigan, Oregon and Tennessee. In the absence of such statutory enactment it is a doctrine of general acceptance that the court represents the interest of the State in divorce suits. (*Ex parte Sheldon,* 44 Nev. 268; *Baugh* v. *Baugh,* 37 Mich. 59; *State* v. *Fowler,* 207 Pac. 75; *People* v. *Case, supra.*) In 2 Bishop on Marriage, Divorce and Separation (663, 664,) it is said: "The public, which we have seen to be a party in all divorce suits, occupies a unique position, sometimes embarrassing to the court. It does not ordinarily appear by counsel, and when without counsel does not plead. As against this party, when only thus represented by what is called the conscience of the court, the plaintiff is entitled

to the decree on his case being duly and fully proved. But this party, unlike the others, never loses a right by *laches;* and so, whenever a defense comes out in the evidence, whether alleged or not, it is fatal to the proceeding. A maxim in these suits, therefore, is, that a cause is never concluded as against the judge; and the court may, and to satisfy its conscience sometimes does, of its own motion, go into the investigation of facts not contested by pleadings. * * * The limit to the right of the public to be protected while thus disregarding the just and common practice of the court cannot be precisely defined by rule. The judge, keeping in view the precedents, with his 'conscience' always awake, should see that while the record parties are not deprived of the justice of the law, the public good, which suffers from every dishonest divorce and from every one not as well within the spirit of the statute as its terms, is not sacrificed. A rule more exact than this does not appear to be in the nature of the case possible."

It is contended by plaintiff in error that to deny a co-respondent a right to intervene is to open the door for blackmail and collusion and that innocent persons may be greatly damaged in their reputation without any adequate redress. While there is some potency in this argument it is an argument to be directed to the legislature and not the judicial department of the State. This court is not a legislative body and cannot enact laws, but can only administer justice in accordance with existing law.

Plaintiff in error having no right under the laws of this State to prosecute this writ of error, it must be dismissed.

*Writ of error dismissed.*