Griggsville State Bank et al., Defendants in Error, v.
Edd Newman et al., Plaintiffs in Error.

Gen. No. 8,822.

Opinion filed April 11, 1934.
Rehearing denied and additional opinion filed June 7, 1934.

Noah Gullett and Hoopes & Pefferle, for plaintiffs
in error.

William and Barry Mumford and Merrill H. Johnston, for defendants in error.

Mr. Justice Davis delivered the opinion of the court.
The Illinois Valley Bank, a corporation, and other
judgment creditors of Edd Newman, filed their bill of

complaint in the circuit court of Pike county for the purpose of setting aside a deed made by said Newman to his wife, Edna Newman, and their four minor children, on the ground that the deed was a fraud on the rights of the creditors of said Newman.

The bill alleged that Newman was the owner in fee of an undivided one-third interest, subject to the life estate of Charles B. Newman therein, of certain real estate in said bill of complaint described; that the complainants recovered judgments against said Edd Newman, and that, prior to the rendition of said judgments and after the indebtedness upon which each and every of said judgments was rendered had accrued, said Newman made a pretended conveyance in fee of said real estate, subject to the said life estate, to Edna Newman, his wife, and their four minor children; that said conveyance was not real but was made by Newman with the intention on his part of defrauding complainants, and his other creditors, and that no consideration was paid by said Edna Newman or said children, or either of them, and that said Edd Newman had no personal property or real estate liable to levy and sale except the premises, described in said bill of complaint, upon which they could realize the amount of said judgments and costs, and praying that said conveyance be set aside, vacated and declared null and void as to the complainants, and that said real estate be sold for the satisfaction of the judgments of complainants.

The court after hearing said cause found that the deed was fraudulent and void as to the rights of complainants; that the same should be set aside and the sheriff should proceed to sell said premises in satisfaction of the judgments held by complainants.

This writ of error was sued out of the Supreme Court to the circuit court of Pike county to reverse said decree, and was transferred to this court by the Supreme Court.

The plaintiffs in error contend that jurisdiction was not obtained over one of the nonresident defendants, because of the insufficiency of the attempted service by publication, and that the decree cannot be sustained because it does not contain a sufficient finding of facts, and that there is no certificate of evidence to support the same.

The plaintiffs in error during the pendency of said writ of error in the Supreme Court made a motion, which was granted, that an order be entered substituting Griggsville State Bank and H. S. Miller, as receiver for Griggsville State Bank, as defendants in error, in place of defendant in error, Illinois Valley Bank, and alleging: "That after the entry of the decree in the above entitled cause by the Circuit Court of Pike County, Illinois, the defendant in error, Illinois Valley Bank, ceased to do business and Griggsville State Bank has succeeded to the assets and liabilities of said Illinois Valley Bank, and, after said Griggsville State Bank succeeded to the assets and liabilities of said Illinois Valley Bank, H. S. Miller was appointed receiver for said Griggsville State Bank by the auditor of the State of Illinois, and afterwards the Circuit Court of Pike county, Illinois, on January 26, 1932, confirmed the appointment of said auditor and that said H. S. Miller is now acting as receiver for said Griggsville State Bank, under appointment by said auditor, and the circuit court of Pike county, Illinois, by reason whereof the said H. S. Miller, as receiver for said Griggsville State Bank, and Griggsville State Bank should be substituted as defendants in error in place of defendant in error, Illinois Valley Bank."

Said motion was supported by the affidavit of one of the attorneys for plaintiffs in error who stated that he is informed and believes the facts stated in the foregoing motion are true; that he investigated the facts and has consulted with the attorneys for H. S. Miller, receiver for said Griggsville State Bank, and received

from them the information and facts stated in the foregoing motion relative to the relation between Illinois Valley Bank and Griggsville State Bank and H. S. Miller, as receiver for said Griggsville State Bank.

The defendant in error, Illinois Valley Bank, was never served by scire facias, nor did it receive notice of such motion and had no opportunity in the Supreme Court to object to such substitution.

The suing out of a writ of error is the commencement of a new suit, and the assignment of errors on the record stands as the declaration of the plaintiff in error, to which the defendant in error may plead or join in error. *Cass v. Duncan,* 260 Ill. 228; *Great Northern Refining Co. v. D. K. Jeffris Lumber Co.,* 308 Ill. 342. All parties to the record of the inferior court to which a writ of error issues must be made parties to the writ, either as plaintiffs or defendants, so that one judgment of the court of review will settle the rights of all the parties interested. *Scott v. Great Western Coal & Coke Co.,* 220 Ill. 42; *Wuerzburger v. Wuerzburger,* 221 Ill. 277.

To entitle a person to sue out a writ of error he must be a party or privy to the record, or be one who is injured by the judgment or will be benefited by its reversal, or is competent to release errors. *Leland v. Leland,* 319 Ill. 426, 428; *Anderson v. Steger,* 173 Ill. 112; *People v. Harrigan,* 294 Ill. 171. Where the writ is sued out by one not a party to the record, his right thereto must affirmatively appear from his assignment of errors. *Scott v. Great Western Coal & Coke Co.,* 223 Ill. 271; *People v. Harrigan,* 294 Ill. 171; *Winne v. People,* 177 Ill. 268.

Under former Rule 9 of the Supreme Court, in case of the death of a party to the record after the rendition of the judgment or decree, any other party to such judgment or decree, or any heir or legal representative of any other party, desiring to sue out a writ of error might do so by filing an affidavit showing the per-

sons to whom the estate of the deceased party has passed, and making such persons defendants in error. When the death of a natural person is suggested and the persons to whom his estate passed are substituted, no proof of his death or of the fact that his estate passed to the substituted persons is required in the absence of any objection. *Dorn v. Ross,* 177 Ill. 225.

Assuming that a corporation is one of the parties to the record whose dissolution can be suggested under the provisions of said Rule 9, yet a corporation is unlike a natural person, and a mere suggestion of its dissolution does not raise a presumption that it cannot be sued.

It was held in *Life Ass'n of America v. Fassett,* 102 Ill. 315, 324, that it is part of the settled policy of this State, that upon the dissolution of a corporation, however that may be effected, the corporation shall nevertheless be regarded as still existing for the purpose of settling up of its affairs, and in *Commercial Loan & Trust Co. v. Mallers,* 242 Ill. 50, 53, it was said: "In this case the suit was commenced while the defendant in error was a going corporation, and we see no reason why it should not be permitted to prosecute its suit to final judgment for the purpose of collecting its assets and settling up its affairs, even though it went into voluntary liquidation pending the litigation."

The Illinois Valley Bank was one of the complainants and has an interest in said decree, and although the plaintiffs in error voluntarily dismissed said Illinois Valley Bank out of the case by obtaining an order substituting the Griggsville State Bank and H. S. Miller, its receiver, as defendants in error in place of said Illinois Valley Bank, yet said bank is a necessary party to this writ of error and should have been served by writ of scire facias.

The motion filed by plaintiffs in error for such substitution of parties alleged that the Illinois Valley Bank had ceased to do business, but did not allege its

dissolution; it may have ceased to do business as a bank and may be going through the process of liquidation under some arrangement with the Griggsville State Bank, but so far as the record shows it still exists as a corporation.

The Illinois Valley Bank not having been made a party to the writ, we cannot hear the cause. The rights of all interested parties cannot be settled by any judgment that might be entered and, therefore, the writ must be dismissed.

*Writ dismissed.*

ADDITIONAL OPINION UPON PETITION FOR REHEARING.

In their petition for a rehearing of said cause plaintiffs in error suggest that an Appellate Court is not clothed with power or authority to review a supposed or alleged error committed by the Supreme Court, but that this court assumed such authority and reviewed the record made in the Supreme Court in this case.

When the Supreme Court determined that no constitutional question was presented for determination and entered an order transferring the case to this court for adjudication, it was because of the fact that it had no jurisdiction of the subject matter of said cause and any orders that may have been entered previous to the time such determination was made and said order was entered are *coram non judice* and ineffectual for any purpose. *People ex rel. Goldman v. Harrison,* 223 Ill. 540; *Schmidt v. Barr,* 328 Ill. 365.

Upon the filing of the record of the case in this court in pursuance of the order of the Supreme Court, this court was required to proceed the same as if the case had come directly from the circuit court of Pike county, and this court had jurisdiction and was required to determine every question presented by the record of said circuit court, and any motion or suggestion as to substitution of parties in said cause

would necessarily have to be presented to this court. (Cahill's Rev. St. 1931, ch. 110, ¶ 102.)

Prior to the enactment of said section 102 of the Practice Act, if a case was taken to the Supreme or an Appellate Court and the court to which such case was taken determined that it had no jurisdiction of the subject matter of said cause, such court could enter no order other than one dismissing the appeal or writ of error. *Kowalczyk v. Swift & Co.,* 317 Ill. 312; *Chaplin v. Commissioners of Highways,* 126 Ill. 264. But now under the provisions of said section 102 of the Practice Act, an order must be entered by such court transferring said case to the court having jurisdiction to entertain such appeal or writ of error, but said section confers no jurisdiction upon such court to which said case was erroneously taken to enter any other or different order. *Foote v. Marggraf,* 233 Ill. 48.

No motion or suggestion was presented to this court for the substitution of the Griggsville State Bank and H. S. Miller, receiver of said bank, in place of the Illinois Valley Bank, one of the complainants in the court below.

In our opinion it is pointed out that the Illinois Valley Bank, one of the parties to said cause in the lower court, was never served with a writ of scire facias and is not a party to the cause in this court, and we held that said bank was a necessary party to the writ of error as shown by the record in this case and we are still of that opinion, and the petition for rehearing is denied.